WEAVER and others *v.* FIELD and others.*

*(Circuit Court, E. D. Louisiana. 1883.)*

LIS PENDENS IN STATE COURT.

The pendency of a suit in the courts of a state for the foreclosure of a mortgage will not bar a suit in this court between the same parties for the foreclosure of the same mortgage. *Stanton* v. *Embrey,* 97 U. S. 548.

On Demurrer to Supplemental Bill.

*John D. Rouse* and *Wm. Grant,* for complainants.

*R. H. Marr,* for defendants.

PARDEE, J. The original bill, in addition to the usual allegations in cases of foreclosure of a mortgage, alleged that—

"Heretofore, to-wit, on the fifth of February, 1878, he (complainant) presented his petition to the sixth-district court for the parish of Orleans, and filed the same therein, together with said notes above described and a copy of said act of mortgage, and prayed executory process thereon, which was granted, against said Spencer Field; and, after due demand for payment, executory process issued from said court, and said property was advertised for sale by the civil sheriff of the parish of Orleans, by virtue of said proceedings, the same being entitled *Daniel Weaver* v. *Spencer Field,* and numbered 9,804 upon the docket of said court. And afterwards the said Spencer Field brought suit in said sixth-district court against Daniel Weaver, to enjoin said sale under said writ of executory process, and obtained an injunction *pendente lite,* suspending proceedings in said suit No. 9,804, and said injunction suit still remains undecided. And your orator avers that said Field is without right to enjoin said sale, and that his proceedings are dilatory; that said injunction was obtained without bond; and said defendants are and have been enjoying the revenues of said property during the pendency of said proceedings, and have neglected to pay the taxes thereon. And your orator avers that said property is insufficient to pay the amount due under said mortgage, including taxes and expenses; and that each of said defendants is insolvent; and that a receiver is necessary to administer the property."

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

To this bill the defendants interposed a plea setting out the proceedings in the two suits in the sixth-district court of the parish of Orleans more fully, and claiming that the pendency of those proceedings operated as a bar to the further proceedings in this court under the bill. This plea was set down for argument, and, on the hearing, the plea was overruled, reserving to the defendants, on the coming in of an answer showing that the property mortgaged was in the possession of another court, the right to apply for a stay of proceedings until the property should be released from the custody of the law. Thereupon the defendants filed their answer, among other defenses reiterating at length the pendency of the proceedings in the state court between the same parties on the same cause of action, and further setting out other proceedings between the same parties in the supreme court of the state, not necessary to further refer to. Replication was made to this answer in due time.

After the case was thus put at issue complainants, on leave, filed a supplemental bill setting forth, in short, that they have discontinued the suit for seizure and sale instituted in the state court, No. 9,804, aforesaid, and have caused the property to be released from seizure by the sheriff in that suit, and have caused the cancellation of all inscriptions of seizures, so that the mortgaged property is not now in the actual or constructive possession of any other court, but is in the undisturbed possession of one of the defendants. And now the defendants come into the court and file a paper which is indorsed "Demurrer to supplemental bill," but which is a demurrer and argument to the jurisdiction of the court upon the face of the record.

Conceding that the defendants may raise this question at this stage of the case, and in this way, which is very doubtful, certainly the matter must be determined on the facts alleged by complainants, which are to be taken as true, and not upon the matters pleaded in defense, either in the original plea or in the answer. The allegations of the original bill bearing on the matters urged to defeat the jurisdiction of this court have been recited in full. *Supra.* They were put in the bill as a basis for the appointment of a receiver, and not as at all supporting complainants' main demand for relief. These allegations show (1) that complainant had obtained from the state court executory process on the notes and mortgage herein sued on, and thereunder the sheriff of the parish of Orleans had advertised the mortgaged property for sale; (2) that defendants had instituted a suit in the same court against complainant to enjoin said sale under executory process and had obtained an injunction *pen-*

dente lite suspending proceedings; (3) that the defendants were in the possession and enjoyment of the property.

These facts, it is urged, show that this court is without jurisdiction, and the whole contention here depends upon them, for if we bring in the matters pleaded in the supplemental bill, the suit in the state court for executory process is no longer pending to defeat our jurisdiction, if it ever had that effect. The two suits instituted in the state court, as set forth in the bill,—one for executory process and one to enjoin,—amount to no more than one suit to foreclose a mortgage. Where proceedings on a mortgage, *via executiva*, in the state courts of Louisiana are enjoined, whether under article 739 of the Code or not, whether with bond or without, a suit is made for the foreclosure of a mortgage, substantially the same as is made by bill, answer, and replication in a court of chancery in a like case. So that the question made here, divested of technicality, is whether the pendency of a suit in the courts of a state, for the foreclosure of a mortgage, will bar a suit in this court between the same parties for the foreclosure of the same mortgage. Unless there is something in the character of the suit to take it out of the general rule it is no bar. See *Hyde* v. *Stone*, 20 How. 173; *Stanton* v. *Embrey*, 93 U. S. 548; *Ins. Co.* v. *Brune*, 96 U. S. 588; *Slaughter-house Case*, 12 FED. REP. 226.

There are only two features in the suits in this case pointed out as taking the case out of the general rule: *First*, that the property is *in custodia legis; second,* that the *fiat* of the judge granting executory process amounts to a judgment between the parties.

What effect possession by another court of the property on which the mortgage rested would have, it is not necessary to consider, for two reasons: (*a*) The court has already passed upon it, deciding that so long as the property is in the custody of another court no decree of sale will be passed. (*b*) The bill expressly avers the possession to be in the defendant.

As to the *fiat* of the judge or court, ordering, in default of payment within certain delay, that an order of seizure and sale issue, constituting a judgment between the parties, or having in any sense the force of *res adjudicata*, no better authority can be adduced than the decisions of the supreme court of Louisiana. That court has held in numerous cases:

"The decree is so far a judgment that an appeal will lie from it; but it is not a judgment in the true and legal sense of the term, and possesses none of its features. It issues without citation; decides no issue; adjudicates to the

party obtaining it no right in addition to those secured in his notarial act; and need assign no reasons." See Hennen, Dig. 651, No. 5.

In general practice in this state it is well understood to have so little of "the force of the thing adjudged" that on very slight occasion the whole proceeding is turned into the action *via ordinaria*. Praying for citation, praying for a personal judgment, taking testimony, and praying for a judgment in answer to an injunction, or on a rule to dissolve, have each been held to avoid the *fiat* and change the proceeding into an ordinary suit. The order of seizure and sale is rendered upon a title importing a confession of judgment, but it by no means has the force of a judgment by confession. In fact, prior to the constitution of 1868, under statutes of 1861 and 1862, in the major part of the state this order could be granted by the clerks of the court. See Fuqua, Code Prac. 323.

In the case of *Stanton* v. *Embrey, supra,* it was decided by a full bench, upon authority, (1) that where a defendant appeared and pleaded in abatement the pendency of a prior suit in a state court, and, upon his plea being successfully demurred to, upon leave he answered to the merits, he waived his objections to the jurisdiction; (2) that the pendency of a prior suit in a state court is no bar to an action in another jurisdiction, even though the two suits are for the same cause of action, and between the same parties. Either one of these propositions defeats the demurrer in this case, for the two cases are parallel in pleading and circumstances.

On the whole case I am well satisfied that the demurrer should be overruled, the court retaining the case. Since, as shown by the supplemental bill, the property is no longer actually or constructively *in custodia legis,* we can proceed to a decree unless the rights of the parties shall be first adjudicated in some other court.

An order overruling the demurrer will be entered, with costs.