# SALVADOR NADAL

*v.*

# LUCAS RAMOS ET AL.

# FELIX INFANZON

*v.*

# LUCAS RAMOS ET AL.

IN EQUITY—REMOVAL OF CAUSE—MORTGAGE FORECLOSURE—RECEIVER.

1. A petition for removal, filed in the insular court, did not expressly aver the nonresidence of the defendant; but that he was a foreigner, and subject of Spain. The insular court ordered a removal: Held,—The term "residence" is not so comprehensive as "domicil." It need not involve an intention to remain; but it must be a fixed abode. The averment of alienage implies that defendant once lived in Spain; and in the absence of a showing to the contrary, such residence is presumed to continue.

2. The pendency of a foreclosure proceeding in the insular court in accordance with the mortgage law of Porto Rico, it appearing that the mortgage property is not *in custodia legis,* is no bar to the institution of a suit in this court, involving the same parties, but allowing equities to be litigated which cannot be considered in the insular court.

3. A proceeding to foreclose a mortgage under the local law can hardly be called a suit; it is not an action *via ordinaria,* and cannot prevent this court from assuming jurisdiction of the cause and the parties before it, and appointing a receiver.

March 20, 1902.

*Messrs. Horton & Cornwell* for Nadal.

*Mr. F. H. Dexter* for Infanzon.

Nadal v. Ramos.

HOLT, Judge, delivered the following opinion:

The several motions in these cases have been heard together, and the argument has taken a wide range. Various questions have been discussed with so much earnestness that they may to some extent be adverted to, though not strictly necessary to the decision of the motions.

On November 30th, 1901, the complainant Nadal brought a proceeding in the Mayaguez district court to foreclose a mortgage demand against the plantation known as "Cristales;" and summons, or notice, therein was served upon Felix Infanzon on December 17th, 1901. In proper time he presented a petition for removal of the cause to this court. The ground, as averred, was that the complainant Nadal was, at the institution of the suit, and then was, a resident and citizen of Porto Rico, and the petitioner a foreigner and subject of Spain. It did not expressly aver that the latter was a nonresident, which fact is required by the law for a removal, as heretofore held by this court in the case of Wenar v. Pohl, *ante,* p. 37. The insular district court ordered the removal, however, and the case is here.

One of the motions now made is to remand it for want of jurisdiction in this court. It is somewhat difficult to give any rule defining residence. It depends on the connection in which the word is used. It is not so comprehensive as domicil. It need not involve an intention to remain,—the *animo manendi;* but it must be a fixed or permanent abode, and not a mere temporary lodging place. Inhabitant and resident are much alike.

The petition for removal did aver the alienage. The averment of Spanish citizenship implies that the party, at least at one time, lived there. Nonresidence once shown is presumed to continue. The record also discloses that although the complainant in the case averred that Infanzon was a resident of

Porto Rico, yet the certificate of the register, filed by Nadal, certified he was a resident of Spain.

Any doubt in the matter should, under the existing circumstances, be resolved in favor of the removal, because a full settlement of the matters in contest between all the parties can be had here, and the law abhors a multiplicity of suits.

February 20th, 1902, the complainant, Infanzon, filed a bill in this court to foreclose a mortgage upon the same property. All proper parties are made defendants, including Salvador Nadal, the complainant in the other suit. There is a conflict of priority of lien between the parties. In the suit brought by Infanzon there is a plea in abatement by Nadal, relying upon the previous pendency of his suit in the insular court, and also a motion by the complainant, upon proper notice to appoint a receiver over the mortgaged property. Nadal objects to this, and contends that nothing can be done in the suit brought in this court by Infanzon owing to the prior pendency of his suit in the insular court; and much has been said and many authorities cited as to the insular court having the prior jurisdiction of these parties and the control or custody of the mortgaged property. As both suits will remain in this court, it is unnecessary to say much relative thereto. It is well settled, however, that where two courts have concurrent jurisdiction, the one acquiring control or dominion of the property in contest— whose jurisdiction has attached to the *res*—holds it. As between the United States courts and the state or insular courts this rule is necessary to their harmonious working. It is founded on a necessary comity. It avoids unseemly conflicts between courts mainly independent of each other, and yet constituting one great judicial system.

If there be a suit *in rem* in a state court and a like one in the United States court as to the same property, and the jurisdic-

tion of the two courts be concurrent, exclusive jurisdiction over the *res* for the purposes of its own suit is in that court which first acquires dominion over the property. It is then *in custodia legis;* and if property be taken into the custody of the state or insular court, either actually or constructively, this court should not interfere with its control until its hand is lifted.

The mere pendency of 'a foreclosure suit, or one in its nature *in rem* in the state court, does not, however, bar a like suit in the United States court. Weaver v. Field, 4 Woods, 152, 16 Fed. 22; Compton v. Jesup, 15 C. C. A. 397, 31 U. S. App. 486, 68 Fed. 263; Stanton v. Embrey, 93 U. S. 548, 23 L. ed. 983; Louisville Trust Co. v. Cincinnati, 22 C. C. A. 359, 360, 47 U. S. App. 36, 76 Fed. 296.

A proceeding to foreclose a mortgage under the local law of Porto Rico, like that of Nadal, is peculiar. It can hardly be called a suit; it is not an action *via ordinaria,* and yet it is in the nature of a bill in equity. It has not the incidents of it, however. It is a summary or executive process, summoning the debtor, or the party defendants, to pay the debt or present a proper certificate for its cancelation; and in default of it an order of sale is made. It is spoken of as an executive trial. No prior claim can be set up by cross bill; it affords no equitable jurisdiction, and seems to be merely a demand of payment. It can be stayed only upon certain grounds. Mortgage Regulations for Porto Rico, art. 175.

The theory of equity jurisprudence is that all persons having a material interest in the subject-matter of the suit shall be made parties; shall be allowed to assert their claims pro and con, and that there shall be a complete decree. This prevents a multiplicity of suits, a partial view of the matter, and avoids injustice.

While the executive proceeding *in rem* by Nadal in the in-

Nadal v. Ramos.

sular district court was first pending, the court had not taken possession of the property. Therefore, even if that proceeding were not now in this court by removal, this court would entertain the motion for a receiver. The appointment of one is in the sound discretion of the court. Neither the debtor nor the present owner of the property are objecting; there are conflicting mortgage claims against it; the litigation may be protracted; the owner is indifferent as to it; permissive waste of it and its deterioration in value are shown by affidavit.

The motion to remand the cause of Nadal v. Ramos et al. is, therefore, overruled; these two actions are consolidated and the motion to appoint a receiver is sustained.