NELSON (DALTON v.). See Case No. 3,549.
NELSON (DOLTON v.). See Case No. 3,976.

---

## Case No. 10,105.

NELSON et al. v. FOSTER et al.

[5 Biss. 44.] [1]

Circuit Court, D. Wisconsin. Sept. Term, 1857.

ABATEMENT—ANOTHER ACTION PENDING—STATE COURTS—SUIT IN STATE COURT.

1. Certificate of counsel that, in his opinion. the plea is well founded, need not accompany a plea of abatement in the federal court.

2. The federal court will take cognizance of the constitution and laws of the state on the subject of her courts. and ascertain which are courts of general jurisdiction.

3. A plea of another action pending. in the usual form that the former suit was at the time of the commencement of this suit, and still is pending, is sufficient without alleging that the former suit was not discontinued before the plea was filed.

4. The pendency of a suit in a state court is a good plea in abatement in the federal court.

[This was an action by John G. Nelson and others against Charles S. Foster and others.]

MILLER. District Judge. This is an action of assumpsit upon book account for goods sold and delivered, commenced by writ of attachment. The defendants pleaded in abatement that a suit for the same debt was brought by these plaintiffs against the defendants in the circuit court for Green county in this state, before this suit was commenced; and that the said former suit was, at the time of commencing this suit. and still is,

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

pending in said circuit court. An affidavit of one Francis Emerson is annexed to the plea.

To this plea the plaintiffs demurred, and they set forth for causes of demurrer: 1. That the plea was not accompanied with a certificate of counsel that in his opinion the plea is well founded. 2. That the former suit is in a court of inferior jurisdiction, and the said plea does not aver that the said court had jurisdiction of the parties or the subject matter. 3. That the plea does not allege that the former suit was not discontinued before the plea in abatement was filed. 4. That a suit pending in a court of this state is not the subject of a plea in abatement in this court.

By the rule of court, demurrers or special pleas shall be accompanied with a certificate of the attorney or counsellor that, in his opinion, the demurrer or plea is well founded, otherwise the demurrer or plea may be treated as a nullity. The plea in this case was not so signed, but it has not been the practice to require a plea in abatement to be so signed. The affidavit required to the plea has been considered all that was necessary. When the objection was raised at the argument, the attorney for the defendant was allowed to annex the certificate. This was not a proper manner of making the objection; it should have been done by a motion to strike off the plea as a nullity.

The courts of the United States take judicial cognizance of the constitution and laws of the state on the subject of her courts, and we know that a circuit court for a county is a court of general jurisdiction.

The third point is, that the plea does not allege that the former suit was not discontinued before the plea in abatement was filed. The plea is in the usual form, that the former suit was, at the time of commencing this suit, and still is, pending. This is sufficient. We cannot look out of the record to see how the fact is in regard to the former suit. The plea states that the suit is still pending, which is conceded by the demurrer, and by this we are bound.

The objection that a suit pending in a court of the state is not the subject of a plea in abatement in this court is not tenable. By the eleventh section of the act to establish the judicial courts of the United States (1 Stat. 78) it is provided that the circuit courts shall have original cognisance concurrent with the courts of the several states of all suits of a civil nature at common law or in equity, when the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars. It is too well settled by the courts of the United States to require citation of authority that in all cases when courts have concurrent jurisdiction, the court which first has possession of the subject must determine it conclusively, and has exclusive jurisdiction. In this case, there were two attachments of the defendant's property, and two writs served on them, and two suits

pending against them at the same time. If such a proceeding were sanctioned, it would lead to great oppression, and would be a reproach to the administration of justice. A party has his choice of jurisdictions, but he cannot claim both at the same time. This court has always adhered to the rule not to entertain jurisdiction of a case when we are informed by a plea in abatement that a prior suit in law or equity for the same subject matter, between the same parties, is pending in a court of the state; and such, I have no doubt, is the rule in every court in the United States. Earl v. Raymond [Case No. 4,243]. This court is not a foreign court to the courts of this state. Williams v. Wilkes, 14 Pa. St. 228. The writ will be quashed.

NOTE. This plea cannot be sustained unless the suits be of the same character, and the plaintiff be the same in both. Certain Logs of Mahogany [Case No. 2,559]: Davis v. Hunt. 2 Bailey, 412. Bancroft v. Eastman, 2 Gilman, 259, was a case where two actions had been commenced by same plaintiff for same cause of action. Held, defendant, in second action, must aver pendency of first suit at time of filing his plea in abatement. McConnell v. Stettinius, 2 Gilman, 707. A owed B, for which debt he gave his note in liquidation. B transfers to C., who sues on it, pending which B sues A. on the original debt. Held, the first a good abatement to second suit if properly pleaded. Branigan v. Rose, 3 Gilman, 123. The ground of pleas in abatement (regarding two or more suits) is said to be the abhorrence of law to multiplicity of suits; and that where a party has a complete remedy by an action commenced, another is abatable. But if the remedy of an action commenced is partial or ineffectual, another suit is proper; as where a proceeding in rem (foreign attachment) is pending, that is not cause for plea in abatement to second suit in personam. Hart v. Granger, 1 Conn. 154. In a petition in chancery by A and B against C, praying a contract for the purchase of Ohio lands to be delivered up and canceled as C had not broken it, C pleaded in abatement a bill in chancery brought by him and then pending in Ohio against A and B, praying damages for its breach or other equitable relief, held, good plea in abatement. It was here contended that the plea of another suit was only applicable where the defendant had been harrassed with two suits for the same cause. and not where defendant has first sued on the contract and afterwards plaintiff has also sued. but the court said. "But as a general principle, if the determination of the first suit commenced will determine the whole controversy, the first is pleadable in abatement of the last; at any rate it is so if the suits be not in the same court. I know not, indeed, that it would make any difference at law if they were both in the same court. It rather strikes me that in chancery. as the court could easily try them both together and settle at once all the controversies between the parties. the suits would stand on the ground of bill and crossbill," and then goes on to say the first to sue should have the benefit of priority. &c.

In Evans v. Lingle, 55 Ill. 455, an appeal from a justice of the peace was dismissed; appellant filed a bill in chancery to re-instate the appeal pending which appellee sued appellant and his surety on the appeal bond. They plead the chancery suit in abatement. Held, not good, there being no injunction to restrain the suit at law. The pendency of a suit in a court of general jurisdiction in another state, in which property sufficient to satisfy the demand has been attached. is a good bar. Lawrence v. Remington [Case No. 8,141], April, 1874. The

rule in some courts that the pendency of an action in a foreign jurisdiction is not pleadable in abatement. does not apply when the plaintiff has secured his debt by attachment in such action.