## STANTON ET AL. *v.* EMBREY, ADMINISTRATOR.

1. Pleading over to a declaration adjudged good on demurrer is a waiver of the demurrer.
2. The pendency of a prior suit in a State court is not a bar to a suit in a circuit court of the United States, or in the Supreme Court of the District of Columbia, by the same plaintiff against the same defendant for the same cause of action.
3. Writs of error from this court to the Supreme Court of the District of Columbia are governed by the same rules and regulations as are those to the circuit courts. When, therefore, the record shows that an exception was taken and reserved at the trial, it is not necessary that the bill of exceptions be drawn out in form, and signed or sealed by the judge, before the jury retires; but it may be so signed or sealed at a later period; and, when filed *nunc pro tunc*, brings the case within the settled practice of courts of error.
4. An agreement to pay a contingent compensation for professional services of a legitimate character, in prosecuting a claim against the United States pending in one of the executive departments, is not in violation of law or public policy.
5. Where the amount of compensation to be paid was not fixed, evidence of what is ordinarily charged by attorneys-at-law in cases of the same character is admissible.

ERROR to the Supreme Court of the District of Columbia.

On the 13th of January, 1872, the plaintiff below, administrator of Robert J. Atkinson, filed his declaration, claiming from the defendants $10,000 with interest, from May 1, 1871, for services alleged to have been performed by the deceased in

prosecuting a claim in their behalf against the United States, before the third auditor of the treasury, from 1865 to Feb. 3, 1870, and subsequently by himself, as administrator, before the secretary and other officials of the Treasury Department.

The defendants pleaded in abatement the pendency of a suit against them, by the same plaintiff and for the same cause of action, in the Superior Court of the county of New London, in the State of Connecticut; to which plea the plaintiff demurred. The court sustained the demurrer, and granted the defendants leave to plead over; whereupon they pleaded the general issue.

The defendants were the owners of certain steamers, which were used by the United States during the war of the rebellion at New Orleans, La., and for which use they had a claim for compensation to the amount of $45,925.07. Atkinson prosecuted it until it was allowed by the accounting officers, and a settlement made. He died before the warrant for the money was issued to the defendants. His services were rendered upon a contract for a contingent remuneration, the amount of which was not fixed. Attorneys prosecuting such claims before the departments usually charged contingent fees of from twenty to twenty-five per cent, which the plaintiff's witnesses regarded as a reasonable charge. Atkinson, who was at one time third auditor of the treasury, was conversant with the rules of the Treasury Department, and, as sole attorney, rendered services in this case, by preparing and filing printed briefs.

Several prayers for instructions to the jury were presented by the defendants; but the court refused them all, and charged substantially as follows: —

Where an attorney in the exercise of his ordinary labor and calling, and with the instrumentalities of his professional learning and industry, undertakes to work out a desired result for his client, not through personal influence, but through the instrumentalities of the law, — by persuasion, as distinguished from influence, — such an undertaking is not an unlawful one, or contrary to public policy. That, in dealing with the government and its departments, there is frequently and necessarily required a degree of knowledge and skill, and an acquaintance with forms and principles, not possessed by the unlettered citizen, before a person can obtain that which is justly his due.

When, therefore, the class of persons possessing such knowledge perform that labor as attorneys, no reason exists for defeating them of their compensation. If, therefore, Atkinson's employment was that of a professional man in the line of his profession, and not for the purpose of exercising and wielding an undue influence over the administrative officers of the government, and was so engaged by the defendants, the plaintiff is entitled to recover. That, in the absence of any special agreement between the parties as to the amount of his compensation, the law presumes that his reward shall be commensurate with his labor; and, although the percentage or amount which other attorneys have received in similar cases cannot alone govern in this, it is proper to be considered in determining what the intestate's reasonable compensation should be; and that, if they found that the claim was satisfied through the efforts of the deceased, and not those of others, the fact that his death occurred a day or two before the claim was paid does not deprive him of the fruit of his labor.

On the 13th of March, 1873, the jury rendered a verdict for the plaintiff for $9,185.18.

Thereupon the defendants moved for a new trial; which motion was overruled on the nineteenth of that month.

May 3, 1873, the bill of exceptions was signed by the presiding justice, and filed *nunc pro tunc* Aug. 13, 1874.

Sept. 29, 1873, the motion for new trial was heard at the general term of the court on appeal. The decision of the special term was affirmed, and judgment rendered on the verdict of the jury.

The defendants thereupon sued out this writ of error.

*Mr. Thomas J. Durant* for the plaintiffs in error.

The plea of *lis pendens* filed by defendants below was good in law, and should have been sustained. The court below possesses the same powers and exercises the same jurisdiction as the circuit courts of the United States. Rev. Stat. relating to the District of Columbia, sect. 760. The court of New London County, Conn., was not a foreign court to that of the Supreme Court of the District of Columbia. The courts of the United States are not foreign to the States. U. S. Const., art. 4, sect. 1; Rev. Stat., sect. 905. The judgment of a State

court conclusive in that State is conclusive everywhere. It is put upon the same footing as a domestic judgment. 3 Story on the Const., p. 183, sect. 1307. Hence the pendency of a suit in a State court may be pleaded in an action for the same cause in the courts of the United States. To tolerate the pendency of several suits at the same time for the same cause would be a reproach to the administration of justice. *Earl* v. *Raymond*, 4 McLean, 234, 235.

A contract to prosecute and collect a claim from one of the departments of the government, in consideration of a percentage on or portion of the amount to be collected, is against public policy and the laws, since it virtually assigns a part of the claim, and an interest therein, to him who undertakes the service.

The statute in force at the time this contract is alleged to have been made, and the services were rendered, was sect. 1, act of Feb. 26, 1853 (10 Stat. 170), and is now Rev. Stat. sect. 3477, p. 693.

On the question of public policy the following cases are relied on: *Marshall* v. *B. & O. R. R. Co.*, 16 How. 374; *Tool Co.* v. *Norris*, 2 Wall. 56; *Trist* v. *Child*, 21 id. 541.

The act of 1853 is designed to prevent maintenance and champerty in claims before the departments. Such a contract as the one here in question would be held tainted with both. *Earle* v. *Hopwood*, 99 Eng. Com. Law Rep. (Phila. ed.) 564; *In re Attorneys' and Solicitors' Act*, 1870; Law Reports, division 1, Chancery, 1876, part 4, April 1; vol. i. p. 573.

The objection of the defendant in error that the bill of exceptions in this case is not properly a part of the record cannot be sustained. The eleventh section of the act of March 3, 1863 (12 Stat. 762), reorganizing the courts of this District, provides that any final judgment, order, or decree of said court — that is, the court created by that act — may be re-examined and reversed or affirmed in this court upon writ of error or appeal in the same cases and in like manner as was then provided by law, in reference to the final judgments, orders, and decrees of the Circuit Court of the United States for the District of Columbia. Therefore a writ of error to the Supreme Court of the District of Columbia is governed by the same regulations as is a writ to the circuit courts of the United

States. *Thompson* v. *Riggs*, 5 Wall. 663 ; *Pomeroy's Lessee* v. *Bank of Indiana*, 1 id. 602.

The record shows that the exceptions were duly taken at the trial. They were subsequently reduced to writing, signed by the justice who presided thereat, and filed *nunc pro tunc*. The case is clearly within the settled practice of courts of error. *Dredge* v. *Forsyth*, 2 Black, 568.

*Mr. Edward Lander, contra.*

The filing of pleas in bar, after judgment sustaining the demurrer to a plea in abatement, is an acquiescence in such judgment. *Bell* v. *Railroad Company*, 4 Wall. 598 ; *United States* v. *Boyd*, 5 How. 29 ; *Townsend* v. *Jennison*, 7 id. 706 ; *Morsell* v. *Hall*, 13 id. 212 ; *Shepherd* v. *Graves*, 14 id. 505 ; *Spencer* v. *Lapsley*, 20 id. 264.

There was no error in the judgment of the court below sustaining the demurrer. *Bowen et al.* v. *Joy*, 9 Johns. 219; *West* v. *McConnell*, 5 La. 424 ; 7 Am. Com. Law, 357 ; *Lowry* v. *Hall*, 2 Watts & S. (Pa.) 133 ; *McJilton* v. *Dove*, 13 Ill. 494; *Walsh* v. *Durkin*, 11 Johns. 99 ; *Salmon* v. *Wootten*, 9 Dana, 422.

The courts of the District of Columbia are not, in the constitutional sense, courts of the United States. They are in the nature of territorial courts, and were established in the exercise of the power of exclusive legislation over the territory selected as the seat of government.

The bill of exceptions filed in this case, Aug. 13, 1874, *nunc pro tunc*, is not legitimately a part of the record. It was not settled and signed within the time required by the sixty-fourth rule of the Supreme Court of the District of Columbia. Being defective, it will not be considered by this court. *Müller et al.* v. *Ehler*, 91 U. S. 249.

The services rendered for which this suit was brought were strictly professional, and clearly within the rule announced in *Wright* v. *Tebbitts*, 91 U. S. 252 ; *Wylie* v. *Coxe*, 15 How. 415 ; *Trist* v. *Child*, 21 Wall. 450.

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Services were rendered by Robert J. Atkinson, in his lifetime, as attorney for the defendants in prosecuting a claim, in their behalf, against the United States, before the accounting

officers of the Treasury Department; and the plaintiff instituted the present suit in the Supreme Court of the District to recover compensation for those services, including a claim for services rendered by the decedent and by himself, as such administrator, in the same case, since the decease of the intestate.

Process was served; and the defendants appeared and pleaded in abatement the pendency of a prior suit in a State court for the same cause of action, and tendered a certified copy of the prior writ and return in support of the plea; to which the plaintiff demurred, and assigned for cause that the pendency of a prior suit in a State court is no stay or bar to a suit in the court below. Hearing was had; and the court sustained the demurrer of the plaintiff, and gave leave to the defendants to plead to the merits.

Pursuant to that leave, the defendants pleaded *nil debet* and *non assumpsit;* upon which issues were duly joined. Subsequently the parties went to trial; and verdict and judgment were for the plaintiff, in the sum of $9,185.18. Exceptions to the rulings and instructions of the court, and to the refusals of the court to instruct the jury as requested, were filed by the defendants; and they sued out a writ of error, and removed the cause into this court.

Ten errors are assigned by the plaintiffs in error; but, in the view taken of the case, it will not be necessary to give them a separate examination.

Two questions are presented, arising out of the ruling of the court in sustaining the demurrer of the plaintiff below to the plea in abatement filed by the defendants: 1. Whether the defendants did or did not waive the demurrer, by subsequently pleading to the merits. 2. Whether the pendency of a prior suit in a State court is a bar to an action subsequently commenced in the Supreme Court of this District.

Authorities are referred to by the defendant in error, which support the proposition that pleading over to a declaration adjudged good on demurrer is a waiver of the demurrer; and there are many other decided cases to the same effect. *Aurora City* v. *West,* 7 Wall. 92 ; *Bell* v. *Railroad,* 4 id. 602 ; *Clearwater* v. *Meredith,* 1 id. 42 ; *United States* v. *Boyd,* 5 How. 51 ; *Evan's* v. *Gee,* 11 Pet. 85 ; *Jones* v. *Thompson,* 6 Hill, 621.

Suppose it were otherwise, still it is insisted by the defendant in error that the pendency of a prior suit in another jurisdiction is not a bar to a subsequent suit in a circuit court or in the court below, even though the two suits are for the same cause of action; and the court here concurs in that proposition.

Repeated attempts to maintain the negative of that proposition have been made, and it must be admitted that such attempts have been successful in a few jurisdictions; but the great weight of authority is the other way. *Bowne* v. *Joy*, 9 Johns. 221; *Hatch* v. *Spofford*, 22 Conn. 497; *Maule* v. *Murray*, 7 Term, 466; *Imlay* v. *Ellefsen*, 2 East, 457; *Colt* v. *Partridge*, 7 Met. 572; *Smith* v. *Lathrop*, 44 Penn. St. 328; *Cox* v. *Mitchel*, 7 C. B. N. S. 55; *Wood* v. *Lake*, 13 Wis. 91; *Wadleigh* v. *Veasie*, 3 Sumn. 167; *Loring* v. *Marsh*, 2 Cliff. 322; *White* v. *Whitman*, 1 Curt. 494; *Salmon* v. *Wotten*, 9 Dana, 422; *Yelverton* v. *Conant*, 18 N. H. 124; *Walsh* v. *Durkin*, 12 Johns. 99; *Davis* v. *Morton*, 4 Bush, 444.

Attempt is also made by the defendant in error to maintain the proposition that the allowance of the bill of exceptions is irregular, and that the assignment of errors founded thereon is not properly before the court for re-examination; but the court here is entirely of a different opinion. Due attention to the act reorganizing the courts of the District will remove all doubt upon the subject. 12 Stat. 764.

Provision is made for exceptions to be taken in the trial at the special term, before a single justice. As there provided, exceptions may be reduced to writing at the time, or they may be entered in the minutes of the justice, and settled afterwards, in such manner as the rules of the court provide. Such exceptions must be " stated in writing, in a case or bill of exceptions, with so much of the evidence as may be material to the questions; but the case or bill of exceptions need not be signed or sealed." Sect. 8.

Special regulations are also enacted in respect to motions for new trials; and it is provided that a motion for new trial on a case or bill of exceptions shall be heard, in the first instance, at a general term. Appeals and writs of error to this court are regulated by the eleventh section of the act. Writs of error and appeal, under the prior law, applicable to the District, were

required to be prosecuted in the same manner and under the same regulations as in case of writs of error and appeals from judgments and decrees rendered in the circuit courts of the United States.  2 Stat. 106; *United States* v. *Hooe*, 1 Cranch, 318.

Important changes were undoubtedly made by the act reorganizing the courts of the District; but the eleventh section provides that any final judgment, order, or decree of said court may be re-examined and reversed or affirmed in the Supreme Court of the United States upon writ of error or appeal, in the same cases and in like manner as is now provided by law in reference to the final judgments, orders, and decrees of the Circuit Court of the United States for the District of Columbia. 12 Stat. 764.

Grant that, and it follows that writs of error from this court to the courts of this District are governed by the same rules and regulations as are writs of error from this court to the circuit courts of the United States.  *Thompson* v. *Riggs*, 5 Wall. 676; *Pomeroy's Lessee* v. *Bank of Indiana*, 1 Wall. 597.

Unless the exceptions to the rulings of the court in the progress of the trial, or to the instructions of the court given to the jury, are signed by the judge, or sealed with his seal, it is not a bill of exceptions within the meaning of the statute authorizing such proceeding, nor does it become a part of the record. Instead of that, the established rule is, that the exception must show that it was taken and reserved by the party at the trial; but it may be drawn out in form, and signed or sealed by the judge, at a later period.  *United States* v. *Breitling*, 20 How. 254.

Decided cases to that effect are very numerous; nor would it be difficult to show that the practice in that regard has been uniform ever since the statute allowing bills of exception was passed by Parliament.  *Phelps* v. *Mayer*, 15 How. 260; *Turner* v. *Yates*, 16 id. 28.

Anciently the bill of exceptions was required to be sealed; but it is sufficient, in the practice of this court, if it be signed by the judge, as it was in the case before the court.  *Pomeroy's Lessee* v. *Bank*, 1 Wall. 599; *Generes* v. *Campbell*, 11 id. 193; *Mussina* v. *Cavazos*, 6 id. 355.

Beyond doubt, the record must show expressly or impliedly that the exception was taken and reserved by the party at the

trial; but it is a mistake to suppose that it has ever been decided by this court that it must be drawn out and signed or sealed by the judge before the jury retire from the bar. Manifest inconvenience would result from such a requirement; and, in point of fact, there is no such rule. On the contrary, it is always allowable, if the exception is seasonably taken and reserved, that it may afterwards be put in form and filed in the case, pursuant to the order and direction of the judge who presided at the trial. *Dredge* v. *Forsyth*, 2 Black, 568.

Apply that rule to the case before the court, and it is clear that the objection of the defendant in error is without merit, as it appears by the record that the exceptions were "taken at the trial of the cause," and that the bill of exceptions was signed by the judge at the request of the defendants, and filed in the case *nunc pro tunc*, which brings the case within the settled practice of courts of error, even if governed by the strictest rules of the common law.

Coming to the merits, the first objection of the plaintiffs in error is that the contract set up in declaration is one for a contingent compensation. Such a defence, in some jurisdictions, would be a good one; but the settled rule of law in this court is the other way. Reported cases to that effect show that the proposition is one beyond legitimate controversy. *Wylie* v. *Coxe*, 15 How. 415; *Wright* v. *Tebbitts*, 91 U. S. 252.

Professional services were rendered by an attorney, in the first case cited, in prosecuting a claim against the Republic of Mexico, under a contract that the attorney was to receive five per cent of the amount recovered. Valuable services were rendered by the attorney during the lifetime of the claimant; but he died before the claim was allowed. Subsequently, the efforts of the attorney were successful; and he demanded the fulfilment of the contract, which was refused by the administrator of the decedent. Payment being refused, the attorney brought suit; and this court held that the decease of the owner of the claim did not dissolve the contract, that the claim remained a lien upon the money when recovered, and that a court of equity would exercise jurisdiction to enforce the lien, if it appeared that equity could give him a more adequate remedy than he could obtain in a court of law.

Courts of law also adopt the same rule of decision, as sufficiently appears from the second case cited, where the same rule of decision was applied and enforced without hesitation or qualification.   Contracts for lobbying stand upon a very different footing, as was clearly shown by the Chief Justice in commenting upon a prior decision, in which the opinion was given by Justice Swayne.   *Trist* v. *Child*, 21 Wall. 450.

Nothing need be added to what is exhibited in the case last mentioned to point out the distinction between professional services of a legitimate character, and a contract for an employment to improperly influence public agents in the performance of their public duties.   *Tool Company* v. *Norris*, 2 Wall. 53.

Professional services, to prepare and advocate just claims for compensation, are as legitimate as services rendered in court in arguing a cause to convince a court or jury that the claim presented or the defence set up against a claim presented by the other party ought to be allowed or rejected.   Parties in such cases require advocates; and the legal profession must have a right to accept such employment, and to receive compensation for their services; nor can courts of justice adjudge such contracts illegal, if they are free from any taint of fraud, misrepresentation, or unfairness.

By the contract in question, the amount of compensation to be paid was not fixed; and, in order to enable the jury to determine what the plaintiff was equitably entitled to recover, he called other attorneys, and proved what is ordinarily charged in such cases; and the defendants excepted to the ruling of the court, in refusing to charge the jury that they should disregard such testimony.

Attorneys and solicitors are entitled to have allowed to them, for their professional services, what they reasonably deserve to have for the same, having due reference to the nature of the service and their own standing in the profession for learning, skill, and proficiency; and, for the purpose of aiding the jury in determining that matter, it is proper to receive evidence as to the price usually charged and received for similar services by other persons of the same profession practising in the same court.   *Vilas* v. *Downer*, 21 Vt. 419.

Tested by that rule, the court is of the opinion that the

prayer for instruction was properly refused. Certain other prayers for instructions were also presented by the defendants, which were refused by the court below; but, in the view taken of the case, it must suffice to say that we are all of the opinion that the ruling of the court in refusing to give the requested instructions was correct.

Enough has already been remarked to show that the theory of the plaintiffs in error, that the contract is prohibited by certain acts of Congress referred to, cannot be sustained, for the reason that the contract was a legitimate one for professional services of an attorney who held no official station at the time the contract was made, nor at any time during the period he was engaged in prosecuting the claim.

Exceptions were also taken to numerous detached portions of the charge of the court; but the remarks already made render it unnecessary to give those exceptions a separate examination. Such an examination would extend the opinion unnecessarily; nor is it necessary, as the court is unanimously of the opinion that the exceptions must all be overruled.

*Judgment affirmed.*