Hospes, Surveyor General. etc., *v.* O'Brien and others.[1]

(*Circuit Court, D. Minnesota.* June, 1885.)

1. FEDERAL COURTS—PENDENCY OF SUIT IN STATE COURT.

An action pending in a foreign jurisdiction cannot be pleaded in abatement of an action in a domestic forum, even if there be identity of parties, of subject matter, and of relief sought; and where one suit is pending in the state court and another is commenced in a federal court having jurisdiction within the same territorial limits, the second suit will not as a matter of course be abated.

2. LOGS AND LUMBER—CONSTITUTIONALITY OF GEN. ST. MINN. 1878, CH. 32, TIT. 3, § 25—SCALING LOGS.

Section 25, tit. 3, c. 32, Gen. St. Minn. 1878, is not unconstitutional.

3. SAME—REPEAL OF LAW.

Gen. St. Minn. 1878, c. 32, tit. 3, § 25, has not been repealed and is still in force.

This suit was commenced in the district court of Washington county, Minnesota, and is removed to this court. The complainant is the surveyor general of logs and lumber, appointed by the governor of the state of Minnesota for the First lumber district, and charges that the defendants have conspired and confederated together to prevent him and his lawfully appointed deputies from discharging the duties enjoined by law. The complaint sets up in detail the character of the rivers and waters in the district and the amount of logs cut, and other matters about the intermixing and intermingling of logs run down the rivers, and facts tending to show an effort to embarrass the complainant in faithfully performing his duties. A preliminary injunction was issued, an answer is filed by the defendants, and the record in this court contains the complaint, answer, and a writ of injunction issued. A motion is made by plaintiff to remand, and a motion is also made by defendants to dissolve the injunction and dismiss the suit.

*Searles, Ewing & Gail* and *J. N. & I. W. Castle,* for complainant.

*Fayette Marsh* and *Clapp & Macartney,* for defendants.

NELSON, J. The motion made by complainant to remand the cause to the state court is denied. The reasons assigned by defendants for granting the motion to dissolve the injunction and dismiss the suit are—"*First.* Want of jurisdiction in the state court of Minnesota to maintain the action. *Second.* Complainant had no capacity to sue. *Third.* The law of Minnesota upon which he bases his right of action is unconstitutional and void: (1) that it is an unjust discrimination against a part of a certain class of people engaged in business which is general throughout the state; (2) that it is a violation of the commercial clause of the constitution of the United States so far, at least,

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.

as it attempts to apply to logs which were cut in another state and stopped for the purpose of rafting or fitting for market, or logs cut in Minnesota and destined for foreign market. *Fourth.* Not an inspection law. *Fifth.* The law is repealed."

These points of controversy were met and very fully answered in the opinion of the district court of Washington county, granting the writ of injunction, and, agreeing to the general result reached by that court, I have very little to add. The want of jurisdiction in the district court of Washington county to entertain this suit is earnestly pressed, and it is insisted that the district court of St. Croix county, Wisconsin, having concurrent jurisdiction with the Minnesota courts, on the waters of St. Croix lake, has first obtained jurisdiction of the subject-matter of this suit and such jurisdiction is exclusive. The complaint alleges, which is admitted by the answer, that a suit has been instituted in the circuit court of St. Croix county, Wisconsin, by some of the defendants, against the complainant prior to the commencement of this suit, and an injunction issued, which was served on one of the complainant's deputies, and this proceeding is urged as a bar. The judicial decisions are not uniform on this question, but in no case is the rule, broadly stated by defendant's counsel, applied, to-wit: "That where two courts have concurrent jurisdiction, that which first attaches becomes exclusive, and the other court is left without jurisdiction as to the subject-matter of the suit pending in the court first taking jurisdiction, or as to the question in dispute between the same parties or privies." The supreme court of the United States, in *Stout* v. *Lye*, 103 U. S. 66, stated a rule of pleading: "That where suits between the same parties in relation to the same subject-matter are pending at the same time in different courts of concurrent jurisdiction, a judgment on the merits in one may be used as a bar to further proceedings in the other." And in *Taylor* v. *Carryl*, 20 How. 583, and *Payne* v. *Hook*, 7 Wall. 425, that "in all cases of conflict between jurisdictions of * * * concurrent authority, that which has first acquired possession of the *res* which is the subject of litigation, is entitled to administer it." But these decisions do not go to the extent advanced by counsel. The cases of *Insurance Co.* v. *Brune's Assignee*, 96 U. S. 588, and *Stanton* v. *Embrey*, 93 U. S. 548, settled the doctrine that an action pending in a foreign jurisdiction cannot be pleaded in abatement of an action in a domestic forum, even if there be identity of parties, of subject-matter, and of relief sought. The doctrine urged by counsel only applies to courts of the same sovereignty; and even in cases of the character spoken of, where one suit is pending in the state court, and another is commenced in a federal court having jurisdiction within the same territorial limits, it is not settled that the second suit is, as a matter of course, to be abated. See *Radford* v. *Folsom*, 4 McCrary, 528; *Hurst* v. *Everett*, 21 Fed. Rep. 218. I think, therefore, the district court of Washington county had jurisdiction to entertain this suit, even if it be con-

ceded that the suit commenced in Wisconsin is identical in parties, subject-matter, and relief sought.

Again, the law is not unconstitutional and void, for the reasons assigned. The following is the statute, (section 25, tit. 3, c. 32, Rev. St. Minn.:)

"It shall be the duty of the surveyor general of the First district to scale, or cause to be scaled, all rafts, brails, or lots of logs which may pass down or through Lake St. Croix, before passing out of said Lake St. Croix; also all rafts, brails, or lots of logs run through, or gathered into, any side booms or lake booms for sawing or other use, within the limits of said district, subsequent to the scale of the St. Croix Boom Corporation's boom, and before using or passing out of said Lake St. Croix; and all parties having logs in his or their possession, which have not been scaled by the surveyor general, as set forth in this section, shall, before sawing, using, or running away said logs, give notice to the surveyor general, in due time, that he may cause the same to be scaled. All logs thus scaled shall be entered on the surveyor general's books in their proper places."

This enactment is a part of the law providing for the inspection of logs. It answers the latest definition promulgated by the supreme court of the United States. In *People* v. *Compagnie*, 107 U. S. 62, S. C. 2 Sup. Ct. Rep. 87, Justice MILLER, delivering the opinion of the court, says: "What is an inspection? Something which can be accomplished by looking at, or weighing, or measuring, the thing to be inspected, or applying to it some crucial test." It is not void for discrimination. If, for any cause, in the judgment of the legislature of the state, the public good required this law to be applied to a particular lumber district, it is within its discretion to so apply it. The legislature is the sole judge of the existence of such cause, and courts should sustain the law if it can be upheld upon any view of necessity which may have been in the legislative mind. The state derives no revenue from the measurement and scaling of logs, and the only object of the law is to ascertain whether the logs are fit for commerce, and to protect the citizens and market from fraud. This law is not in violation of the commercial clauses of the constitution of the United States. Such legislation now exists, or has at some time existed, in nearly all the states. Persons and property are subject to restraint to secure the general comfort and prosperity. Laws regulating traffic and merchandise of all kinds are on the statute books of all the states. They are impediments and restraints of trade in some sense, but not necessarily, for that reason, regulations of interstate or foreign commerce, within the meanings of the constitution. While it is inconvenient to be hampered with inspection of this particular article of commerce, a court, for that reason, should not abrogate the law. The correction is with the legislature of the state. In Michigan boards of trade are authorized to appoint inspectors, and the general inspection of logs by state officials is repealed. The laws of New York compelling inspection of merchandise were repealed in 1843, and later the constitution forbade the enactment of such laws except in defined

cases. Without pursuing the subject further, I am of the opinion that the law is valid, and has not been repealed.

Motion to dissolve the injunction and dismiss the suit is denied.