CASE 22—PETITION ORDINARY—FEBRUARY 11.

# Wilson v. Milliken.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. PLEA IN ABATEMENT—JURISDICTION OF FEDERAL AND STATE
   COURTS.—The jurisdictions of the State courts and United States
   circuit courts held for the same States and within the same
   territory are domestic and not foreign to each other; and there-
   fore an action pending in the United States circuit court may
   be pleaded in abatement of a subsequent action commenced be-
   tween the same parties in a State court for the same subject
   matter and seeking the same kind of relief.
2. PLEADING—ABATEMENT—DISMISSAL OF FORMER SUIT.—The objec-
   tion that a former suit is pending is removed by the dismissal or
   discontinuance of that suit, even after a plea in abatement in the
   second suit, if the second action was not brought for vexatious
   purposes.

M. B. GIFFORD AND ABBOTT & RUTLEDGE FOR APPELLANT.

(Brief not in the Record.)

BARNETT, MILLER & BARNETT FOR APPELLEE.

1. A plea in abatement that another action between the same parties,
   and upon the same facts was then pending and undisposed of,
   can not be defeated by the subsequent dismissal of the first action.
   Frogg's Exrs. v. Long's Admr., 3 Dana, 157; Gist v. Shean, 8 Ky.
   L. Rep., 509; Herndon v. Campbell, 9 Ky. L. Rep., 681; Draughn
   v. Wolf, 11 Ky. Law Rep., 366; Civil Code, section 92.

   The only reply to such a plea is *nul tiel* record.  Pitts & Conn.
   R. R. Co. v. Mt. Pleasant, &c., R. R., 76, Pa. St., 489; Meriam v.
   Baker, 9 Minn., 40.
2. Where the first case has been removed from the State court to the
   Federal court, it is still pending within the same jurisdiction,
   and the rule applies.  *Ex parte* Balch, 3 McLean, 221; Hart v.
   Granger, 1 Conn., 154; Ralph v. Brown, 3 Watts & Serg, 399;
   Earl v. Raymond, 4 McLean, 233.

Wilson v. Milliken.

3. The plea in abatement was properly contained in the answer that embraced the other defenses. Civil Code, sec. 113, subsec. 2.

4. The record of the Federal Court is conclusive as to what was done in the case pending there.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This action was brought by appellant for damages for $1,900 claimed for an injury. The petition was filed August 22, 1895.

Appellee filed an answer which develops the fact that this same appellant had theretofore brought an action for the identical same injury in the Jefferson Circuit Court, claiming damages in the sum of $5,000, and that this first case had on petition been transferred to the United States Circuit Court by appellee., and that this suit, in the United States Circuit Court, at the date of filing the answer, was then pending and undetermined in the Circuit Court for the United States, for the district of Kentucky, and at Louis- ville, Jefferson county.

There are other defenses plead in the answer, but as the case was determined by the court below, on the sufficiency of this plea in abatement, the other defenses plead need not be stated. To this plea of another suit pending, as well as to the whole answer, appellant replied. That part affecting this plea is an admission that at the date of filing the answer there was another suit pending in the United States Circuit Court, but same had been dismissed and is not now pend- ing.

Appellee demurred to the third paragraph of appellant's reply, being that portion that replies to the plea in abatement. The court, on a trial of this demurrer, sustained same, and appellant amended this paragraph of the reply,

and again a demurrer was submitted to the reply as amended, which the court sustained, and the appellant declining to plead further, the court dismissed the petition. From that judgment this appeal is prosecuted.

The reply as amended, to which a demurrer was sustained, admitted that at the date of filing the plea in abatement, there was then existing and undetermined another suit for the same cause of action, in the United States Circuit Court for the district of Kentucky, which case was originally brought in the Jefferson Circuit Court, and by petition of appellee, transferred to the Federal Court.

The question presented is, was that a bar to this action?

It is conceded by counsel for appellant, in his brief, that if the United States Circuit Court for the district of Kentucky is to be treated as the State circuit courts, or as domestic courts, that the plea in abatement as filed, is sufficient, but on the other hand, contends that the Circuit Court of the United States, sitting for the district of Kentucky is to be treated as a foreign jurisdiction like the courts of the other States, and that, therefore, the plea in abatement filed, is in itself insufficient.

This question has never been passed on by this court, so far as we have been able to find.

In the case of Gordon v. Gilfoil, 99 U. S., 169, the Supreme Court of the United States, by Justice Bradley, after deciding that the action in the Federal Circuit Court was not the same as in a former action in the State Circuit Court, and overruling the plea in abatement, filed in the United States Circuit Court on that ground, proceeds:

"It may be proper here also to observe, although the point

was not pressed in the argument, that the exception to the
jurisdiction to the circuit court is destitute of foundation.
The suggestion was that as the proceedings in the order
of seizure and sale were still pending in the district court,
the debt could not be prosecuted in the circuit court of the
United States. But it has been frequently held that the
pendency of a suit in a State court is no ground even for a
plea in abatement to a suit upon the same matter in a
Federal court. What effect the bringing of this suit, *via
ordinaria*, may have had on the order of seizure and sale,
it is not necessary to determine. It is possible that it super-
seded it. But the pendency of that proceeding, when the
suit was commenced, can not affect the validity of the pro-
ceedings in this suit, nor the jurisdiction of the court in re-
spect thereof."

In the case of Pierce, etc., v. Feagans and Wife, 39 Fed-
eral Rep., 587, the United States Circuit Court for the East-
ern district of Missouri, Thayer, J., says: "Again, the suit
in the State court is pending in a different jurisdiction.
It is now well settled that the pendency of a suit in a State
Court can not be taken advantage of by way of a plea
of *lis pendens*, to defeat a suit of the same nature, and be-
tween the same parties, in the Federal courts. The two
courts, though not foreign to each other, belong to different
jurisdictions in such sense, that the doctrine of *lis pendens*
is not applicable." Citing Gordon v. Gilfoil, 99 U. S., 169;
Stanton v. Embrey, 93 U. S., 554; Sharon v. Hill, 22 Fed.
Rep., 28.

The case of Stanton v. Embrey, 93 U. S., 554, cited by
Thayer, does not support his opinion. In that case the ac-

tion was brought in the Supreme Court of the District of
Columbia, and the defendant plead in abatement, the pen-
dency of a former action, for the same demand, between the
same parties in a court of the State of Connecticut. The
precise question before the court was whether the pendency
of an action in the State Court of Connecticut was a bar
to a subsequent action begun in the Supreme Court of the
District of Columbia. The court there held that such ac-
tion in the court of the State of Connecticut was not a bar
to that action, in the Supreme Court of the District of Col-
umbia, citing among others, Salmon v. Wootton, 9 Dana,
422, and Davis v. Morton, 4 Bush, 444.

In the case of Hughes v. Elsher, 5 Federal Reporter, 263,
in the United States Circuit Court for the district of New
Hampshire, the court, by Lowell, Ch. J., said:

"The pendency of the bill is pleaded in abatement. The
plaintiff makes three objections to the plea, all of which must
prevail. (1) It does not appear there is an action pending
elsewhere. . . . (3) That the pendency of an action in
a State court within this circuit is not ground for abating
one in this court, is entirely settled by authority."

In the case of Latham v. Chafee, 7 Federal Reporter, 520,
before the United States Circuit Court for the district of
Rhode Island, Colt, D. J., with Lowell, J., concurring, said:
"The main question which arises upon the defendant's plea
is whether the pendency of a suit in a State court between
the same parties, and involving the same subject matter,
can be pleaded in abatement, or in bar, to a suit in the Cir-
cuit Court of the United States. It is undoubtedly true,
as a general rule, that as between two courts of concur-

rent jurisdiction, that which first gets control of the litigation will be allowed to prosecute it to an end; and that consequently the pendency of another prior suit between the same parties, and involving the same subject matter, may be pleaded in abatement of a subsequent suit in another court. But this rule does not extend to courts of foreign jurisdiction. It has been often held that the courts of a State are foreign, in this sense, to the courts of the United States." Citing 99 U. S., 169 and 93 U. S., 554.

In the case of Sharon v. Hill, 22 Federal Rep., 28, in the Circuit Court of the United States for the district of California, Sawyer, J., says: "An alleged valid and subsisting contract is, therefore, the basis and cause of one suit; and forgery and fraud the basis and cause upon which the other rests. These, certainly, do not constitute the same causes of suit. The causes of suit are clearly not identical. It is also bad on another ground, that the suit set up is not pending in a court of the same jurisdiction. It is well settled by the Supreme Court of the United States that a suit pending in another jurisdiction for the same cause can not be pleaded in abatement in a suit in the United States courts, and that the courts of the States and of the United States are courts of different jurisdictions. 93 U. S., 548-558; 99 U. S., 169-178. Here are two jurisdictions— jurisdictions of two distinct governments. One is State jurisdiction, and the other is the jurisdiction of a national court. If it were a fact that a suit is pending for the same cause in the State court, a court of a different sovereign jurisdiction, it would not abate the suit here. The

plea is bad in substance on that ground, and this objection is taken in the replication."

In the case of Washburn & Moen Mfg. Co. v. Scutt & Co., 22 Fed. Rep., 710, in the Circuit Court of the United States for the Western district of Pennsylvania, Atcheson, J., said: "The jurisdiction of the Court of Common Pleas is contested on the ground that in the suit therein, service was made on a mere employe of the corporation, who, it would seem, is not an agent within the meaning of the State statute relating to service of judicial process upon corporations, but, should that court hold the service to be good, still the present plea could not prevail for several reasons. In the first place, Isaac L. Ellwood, a plaintiff here, and properly so, as it seems to me, is not a party to the suit in the common pleas. Again, the object of that suit is the rescission of the license contracts, whereas, the purpose of this suit is the enforcement thereof. Clearly, the relief here sought is not attainable in the former suit. . . . Finally, it has been held that the pendency of a prior suit in a State court is not a bar to a suit in a circuit court of the United States, although between the same parties and for the same cause of action, 93 U. S., 548; 99 U. S., 168; 22 Fed. Rep., 28. The plea must therefore be overruled with leave to the defendant to answer within thirty days, and it is so ordered."

In the case of Oneida Co. Bank v. Herrenden, 101 N. Y., 173 (4 N. E. Rep., 332), the Court of Appeals of New York held that an action begun in the State court and by one defendant, the only one before the court, transferred to the United States Circuit Court, could not be plead in abate-

ment to a second action begun in the State court on the same cause of action against another defendant.

In the case of Kilpatrick v. Kansas City & B. Railroad, 38 Nebraska, 620, the Supreme Court of Nebraska approves, 99 U. S., 168, by saying: "The mere pendency in the courts of another jurisdiction of an action between the same parties, and concerning the same subject matter, can not be successfully pleaded in bar or abatement." Citing 99 U. S., 168; 93 U. S., 548; 22 Fed. Rep., 28, *supra.*

As to the converse of the proposition decided by the above authorities, we find, that in the case of Earl v. Raymond, 4 McLean, 233, in the United States Circuit Court for the Seventh Circuit, Michigan, that court says: "That the pendency of a former suit, in a court having jurisdiction of the same, may be pleaded in abatement, is a principle well established. It is so held, to prevent a multiplicity of suits being brought for the same cause. To tolerate the pendency of several suits, at the same time, for the same cause, would be a reproach to the administration of justice. Courts of justice were instituted to afford speedy, and effectual remedies for the redress of wrongs, and not to afford a litigious person the means of oppression. . . . It may be laid down as a general rule of action for the Federal and State courts, that which ever shall first take jurisdiction of a case, the jurisdiction of the other may be defeated by a plea in abatement. And to avoid a conflict between the ministerial officers of the Federal and State courts, the officer who first levies his execution, is entitled to a preference, the same as where both executions emanate from the State court or courts."

In the case of Nelson v. Foster, 5 Bissell, 44, in the United States Circuit Court, district of Wisconsin, the court said: "The objection that a suit pending in a court of the State is not the subject of a plea in abatement, in this court is not tenable. By the eleventh section of the act to establish the judicial courts of the United States, it is provided that the circuit courts shall have original cognizance, concurrent with the courts of the several States of all suits of a civil nature at common law or in equity, when the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars. It is too well settled by the courts of the United States to require citation of authority that in all cases when courts have concurrent jurisdiction, the court which first has possession of the subject must determine it conclusively, and has exclusive jurisdiction. In this case, there were two attachments of the defendant's property, and two writs served on them, and two suits pending against them at the same time. If such a proceeding were sanctioned, it would lead to great oppression and would be a reproach to the administration of justice. A party has his choice of jurisdictions, but he can not claim both at the same time. This court has always adhered to the rule not to entertain jurisdiction of a case when we are informed by a plea in abatement that a prior suit in law or equity for the same subject matter, between the same parties, is pending in a court of the State; and such, I have no doubt, is the rule in every court in the United States. This court is not a foreign court to the courts of the State."

In the case of Radford v. Folsom, 14 Fed. Rep., 97, in the Circuit Court for the United States, in Southern district of

Iowa, the court, through Shiras, D. J., with McCrory, C. J., and Love, D. J., concurring, say: "But it is urged that while the second of the rules as above given, may be applicable to cases pending in courts of the same State, yet it is inapplicable when one case is pending in the State court and the other in the Federal courts for the same State, the argument being that the two jurisdictions are foreign to each other, and hence that the pendency of a suit in one court can not be pleaded in abatement of a suit in the other. It is true that the State and Federal tribunals owe their origin to different sources, but when created and brought into action within the same territorial limits, can it be fairly said that there are two States or jurisdictions co-existing within the same limits, and yet foreign to each other, in the sense that Iowa is foreign to New York? The same statutory and common law is enforced by both tribunals and it can not be said that if a party is relegated to the State court for the enforcement of his rights, that he is thereby sent into a foreign State or country, whose laws and modes of proceedings are unknown or unfamiliar. As we have already shown, the main purpose of the rule allowing the pendency of one action to be pleaded, under given circumstances, in abatement of a second, is to prevent a defendant from being unnecessarily harassed and subjected to additional costs by two proceedings, when one will fully protect all the rights of the plaintiff.

Now, it is apparent that the cost and vexation caused to the defendant by the institution of the second suit is, to say the least, not lessened by the fact that it is brought in the Federal while the first is pending in the State tribunal. The

Wilson v. Milliken.

evil to be remedied is not obviated by the fact that the two proceedings are pending in tribunals, owing their origin, the one to the State, the other to the Federal government, yet acting within the same territorial limits.

If it appears that the two proceedings, being between the same parties, and for the enforcement or protection of the same rights, will result in the granting of the same remedy, operative within the same territorial limits, then it would seem clear that the second is not needed to protect or enforce the plaintiff's rights, and as the defendant must, of necessity, be put to additional trouble and expense in defending the second action, it follows that he is thereby vexatiously harassed and, in such case, he should be enabled to protect himself by causing the abatement of the second action. It is the duty alike of the State and the United States Court to protect a defendant from unnecessary and vexatious litigation. If the first action is brought in the State and the second in the Federal tribunal or *vice versa*, it is the bringing of the second action that constitutes the oppressive and unnecessary act on part of plaintiff, and the corrective should be applied in the court whose jurisdiction is invoked oppressively and wrongfully. Again, the fact that one action is pending in the State and the second in the Federal court, instead of being a reason why the second should not be abated, is, on the contrary, a weighty argument for just the opposite conclusion; for, if the two proceedings are allowed to proceed at the same time, there may arise all the difficulties from a conflict between the two jurisdictions, acting "within the same State."

The question here presented is an entirely new one in Ken-

tucky, and because of that we have given the matter con-
siderable attention.

It will be noticed that in the case of Gordon v. Gilfoil,
99 U. S., 169, it was not necessary to a decision of that case
to determine whether the Federal and State courts were
foreign to each other, and consequently whether a plea of a
former action pending in one court was sufficient in bar in
the other court. The Supreme Court there expresses an
opinion in that regard, but it could not be held to be au-
thoritative.

The case of Stanton v. Embrey, 93 U. S., 554, though fre-
quently cited in support of the doctrine that State and
Federal courts are foreign, so that a plea of a former action
pending in one court is not good in the other, that case
in our opinion does not so hold. The two courts compared
were the Supreme Court of the District of Columbia, and a
court of the State of Connecticut. Not only a State and
Federal court, but sitting in entirely different jurisdictions,
neither could enforce process within the other's territory.

Upon these two cases, *supra*, the cases of Pierce v. Feagans
and Wife, 39 Federal Rep., 587; Hughes v. Elsher, 5 Fed-
eral Rep., 263; Latham v. Chafee, 7 Federal Rep., 520; Sharon
v. Hill, 22 Federal Rep., 28; Washburn & Moen Mfg. Co. v.
Scutt & Co., 22 Federal Rep., 710, all in the Federal courts,
and Kilpatrick v. Kansas City & B. Railroad, 38 Nebraska,
620, all depend for their authority and in no case do we
find it reasoned out why it should be held that a State and
Federal court are foreign to each other, so that a plea of
a former action may not bar a subsequent action in the
other court. An examination of all these cases shows that

the cases that so hold were decided upon the authority of the *dictum* of Mr. Justice Bradley.

It seems to us that the jurisdiction of the State courts and United States circuit courts held for the States and within the same State are domestic.

Can it be said that the act of Congress providing for removal of cases from the State to the Federal courts authorizes a transfer to a foreign jurisdiction? We think not.

Can it be said that the Federal court held at Louisville, Ky., is foreign in jurisdiction to the circuit courts sitting in Louisville, Ky.? The same laws are administered, the process of each court covers in part the same territory and the law expressly authorizes certain cases to be transferred from one court to the other. Most assuredly, they are not foreign.

It seems to us that the reasoning in Radford v. Folsom, 14 Fed. Rep., 97, *supra,* is unanswerable.

It appears that learned counsel for appellant conceded this to be true, in the court below. When the plea in abatement was filed, they did not demur, but treating that as sufficient in law, unless avoided, filed a reply.

This reply, in effect, admits that when the answer was filed there were two actions pending for the same cause, one in the United States Circuit Court, and the other in the State Circuit Court, and it was plead in avoidance of this plea of former action, that at that time, when the reply was filed, the action in the United States Circuit Court had been dismissed absolutely, and that there was then but one action.

Under the old rule of pleading, this reply was bad on de-

[ 12 ]

murrer, there was no replication to a plea of former action
pending, but *nul tiel* record, and while we recognize that this
rule has been followed in Kentucky in recent years, we think
that to apply it in all cases, would be unjust. The more
modern rule seems to be that the objection of a former suit
pending is removed by its dismissal or discontinuance, even
after plea in abatement in the second suit. Warder v. Henry,
117 Mo., 530; Trawick v. Martin Brown & Co., 74 Tex., 522;
Grider v. Apperson, 32 Ark., 332; Findlay v. Keim, 62 Pa.
St., 112; Moorman v. Gibbs, 75 Iowa, 537; Nichols v. Bank,
45 Minn., 102, and numerous others.

We think this a more just and reasonable rule, and so
hold to be the law, but we would not be understood as hold-
ing this to be inflexible and to be applied in all cases. The
reason of the rule in the beginning that a plea of former
action pending would abate the second action is just as good
to-day as when the rule was adopted, *i. e.*, that vexatious
litigation would not be permitted, and if it appears that
the second action was brought for the purposes of vexation,
rather than to seek legal rights, the plea should be sus-
tained. By permitting a reply to avoid the plea of a for-
mer action, the court ought to be able to ascertain the true
reason of the second action, and if it appear vexatious, abate
it. In the case at bar it appears that appellant selected his
forum to try his action, and that appellee, exercising his
right, removed the case to the United States Circuit Court.
Appellant then was given his election to follow the case
to the United States Circuit Court or dismiss and again
bring his action in the State court for less than $2,000. He
chose the latter, but if he waited to dismiss before he

brought his second action, it would be barred by limitation. So he chose to surrender $3,000 of his claim in order to try in the State court, and at the first time he could do so, he appeared in the United States Circuit Court and dismissed his action. It seems he was notified that appellee would ask the United States Court to require him to elect.

This election was had by a dismissal of the action where the larger sum in damages was claimed. It does not appear to have been vexatious.

For these reasons, we are of opinion that the demurrer to the reply to the plea of former action should have been overruled and the reply adjudged sufficient. Upon sustaining the demurrer to the reply, the court dismissed the action, which, following the former action, was error.

Wherefore, the judgment is reversed and cause remanded with directions to overrule demurrer to the reply and for further proceedings, Judge DuRelle agreeing in reversal, but disagreeing on the reasoning.

JUDGE DuRELLE DELIVERED THE FOLLOWING DISSENTING OPINION:

I concur with the opinion in this case in so far as it orders a reversal upon the ground that on demurrer a replication was good which set up the dismissal of the suit in the Federal court subsequent to the plea in abatement; but I dissent from the opinion in so far as it holds that, in a suit in the State court, the pendency of a suit in the United States Circuit Court between the same parties, and concerning the same subject matter, can be pleaded in abatement.

In my view, the courts of the State and of the United States, though sitting in the same district and having concurrent jurisdiction of the matter in controversy, are courts

of foreign jurisdiction to each other in respect to pleading, in
one a *lis pendens* in the other. It has been held almost uni-
formly that the courts of one of the States are, for this pur-
pose, foreign to those of another. As between the State and
Federal courts, there has been more contrariety of opinion,
but the uniform tendency of the later cases in the United
States Circuit Court, circuit courts of appeal and the Su-
preme Court has been in support of views here expressed.

Without going into a discussion of the cases which are
cited in the opinion of the majority, it is sufficient to say
here that the earlier Federal court cases, the argument and
reasoning of which are much relied on in the opinion, are
overruled by the recent cases, and are in direct conflict with
the comparatively recent cases of Gordon v. Gilfoil, 99 U.
S., 169, and Sharon v. Hill, 22 Fed. Rep., 28. Nor was the
decision of that question in Gordon v. Gilfoil mere *obiter
dictum*. The question was before the court, was presented,
and, while the court decided the case upon two grounds,
the decision of the one was no more *obiter* than was that of
the other. It is urged that, as the first point decided was de-
cisive of the case, the decision of the other being unneces-
sary was mere *dictum*. Applying the same reasoning to
the opinion in this case, the decision (in which the whole
court concurs), that a replication is good which alleges
the dismissal of the suit in the other jurisdiction, being
unnecessary to the decision of the case, which is accom-
plished by the decision of the point now under considera-
tion, is mere *obiter*, and not binding authority.

Nor does the reasoning given in support of the earlier de-
cisions to the contrary seem to be sound. A distinction

Wilson v. Milliken.

is sought to be drawn in them between the courts of the
United States and those of a "foreign State or country,
whose laws and modes of proceeding are unknown and un-
familiar." And it is further urged that the same statutory
and common law is enforced by both the State and Federal
tribunals in cases whereof they have concurrent jurisdiction.
In response to this it may be said that the procedure of most
of the States is far nearer alike than is the procedure in
chancery in the Federal courts and that which obtains in
a great majority of the States of the Union. And it may be
further said that, while it is in a sense true that the "same
statutory and common law is enforced by both tribunals"
(*i. e.*, State and Federal), nevertheless the case at bar pre-
sents a state of fact as to which the decisions of the courts
of this State are entirely different from those of the Federal
courts, which have concurrent jurisdiction when the amount
in controversy is sufficient to give them jurisdiction.

The distinction seems to me to lie back of the argu-
ment urged. It is because the State and Federal tribunals
are courts established by different sovereignties, and draw
their powers from a different source. And I think it un-
wise for the courts of this State to establish a different rule
in this respect, applicable to cases in which the Federal jur-
isdiction has first attached, from that which has been es-
tablished by the Federal courts (as appears from the au-
thorities cited in the opinion), in cases where the priority in
point of time is otherwise.