### BURK v. McCAFFREY et al.

#### (Circuit Court, E. D. Pennsylvania. April 6, 1905.)

#### No. 40.

ABATEMENT—PENDENCY OF ACTION IN STATE COURT.

It is no ground for abatement of a suit in a federal court that an action for the same subject-matter between the same parties is pending in a state court; and it is immaterial that a counterclaim is set up in the state court, it not appearing that the same defense may not be available in the federal court.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Abatement and Revival, §§ 87–91.

Pendency of action in state or federal court ground for abatement of action in the other, see note to Bunker Hill & Sullivan M. & C. Co. v. Shoshone M. Co., 47 C. C. A. 205.]

Demurrer to Plea in Abatement.

J. Whitaker Thompson, for plaintiff.
J. Joseph Murphy, for defendants.

J. B. McPHERSON, District Judge. The plaintiff's action is correctly brought in the circuit court, unless the plea in abatement that has been filed by two of the defendants is well founded. The plea sets up that before the suit was brought another action had been begun by the plaintiff against all the defendants in one of the common pleas courts of Philadelphia county for the same subject-matter, asserting the same rights and asking for the same relief, and that this action in the state court is still pending and undetermined. The plaintiff has demurred to the plea, and I think there can be no doubt that the demurrer must be sustained. The decided weight of authority is in favor of the position that the pendency of a suit in one court is not a defense to an action in another court between the same parties, where one of the tribunals is a federal and the other is a state tribunal of the same state, having concurrent jurisdiction: Stanton v. Embrey, 93 U. S. 554, 23 L. Ed. 983, and the cases cited in Rose's Notes to U. S. Reports, page 1010; Gordon v. Gilfoil, 99 U. S. 178, 25 L. Ed. 383; Barber Asphalt Co. v. Morris (C. C. A.) 132 Fed. 945; West v. McConnell, 25 Am. Dec. 195, note; Smith v. Lathrop, 84 Am. Dec. 456, note; and an elaborate note to Wilson v. Milliken (Ky.) 44 S. W. 660, 42 L. R. A. 449, 82 Am. St. Rep. 578. There are some decisions to the contrary, but the citations from the Supreme Court of the

United States are, of course, controlling, to say nothing of numerous other cases. The fact that the defendants set up a counterclaim in the state court does not seem to be material. So far as is now apparent, the same defense will be available in the circuit court.

The demurrer to the plea in abatement is therefore sustained.