# CARMEN MOLFULLEDA Y OSORIO ET AL.

*v.*

# JUANA RAMOS LATOUR ET AL.

---

San Juan, Equity, No. 558.

The pendency of a suit at law, brought by a creditor of an estate, in an insular court, against transferees of some of the property of an estate, and against some of the heirs thereof, for the purpose of having the property subjected to the payment of his claim, cannot be made the foundation of a plea of *lis pendens* on the equity side of this court, to a suit between the heirs and such transferees. Such suit is not by the same complainants, and the end to be attained is not the same.

Opinion filed February 12, 1910.

---

*Mr. E. S. Paine,* attorney for complainants.

*Messrs. E. Benitez, Domingo Massari,* and *Damian Monserrat, Jr.,* attorneys for respondents.

RODEY, Judge, delivered the following opinion:

The issues in this case are raised by a plea interposed by the respondent Juana Ramos Latour, and by a petition of Zoilo Borrero as natural guardian and next friend of his minor child, Ricardo Borrero y Molfulleda, to be joined as a complainant.

Molfulleda y Osorio v. Latour.

The suit is a bill to set aside certain conveyances as having been obtained by deceit and fraud, and without proper consideration, and probably as being forgeries, etc., and for an accounting as to rents and profits of a tract of land situated in the barrio of Hato-Rey, in the jurisdiction of Rio Piedras, on this island, and which is said to contain about 200 cuerdas. The bill was originally filed nearly two years ago, on the 11th of May, 1908, against respondent Juana Ramos Latour alone; but on her plea, shortly thereafter interposed, the bill was amended and several other respondents were added as necessary parties. These parties then came in and pleaded that their citizenship—they being Porto Ricans—ousted the court of its jurisdiction, on the ground that although the original sole respondent, Juana Ramos Latour, was a citizen of France, still, the complainants being Porto Ricans, the joining of other Porto Ricans as respondents came within the holding in Vallecillo y Mandry v. Bertran, 2 Porto Rico Fed. Rep. 46, that where Porto Ricans appeared on both sides of a case, this court lost jurisdiction. A hearing was had on this contention, under date of May 4th, 1909, wherein it was shown to the court that these new respondents ought to have been complainants, as their interests are entirely the same as that of the original complainants; but that they had refused to join in the suit, and hence the original complainants were forced to make them respondents; and that therefore, under the well-known rule that permits the court in such a case, for purposes of jurisdiction, to arrange the parties in accordance with their several interests, the jurisdiction was not affected. The court sustained this view, and overruled the plea to the jurisdiction as to all of the respondents then before it.

*Molfulleda y Osorio v. Latour.*

Then this original respondent, Juana Ramos Latour, under date of May 19th, 1909, filed a plea of *lis pendens,* in which she set forth that in the month of February, 1908, a person named Juan Molfulleda y Chas filed a "bill of complaint" in the insular district court of San Juan, Porto Rico, against her, the said Juana Ramos Latour, and all the rest of the succession of Ramon Molfulleda, which included the complainants and all of the then respondents in this suit, and that, in his said bill, he makes practically the same allegations as are alleged in the bill here, and asks to a great extent for the same relief; and that the said suit is still pending in said court, and that therefore, because the said insular district court first obtained jurisdiction in the premises, this court ought to refuse it.    The plea thus interposed does not set out very fully what the suit in the insular court is about, save that it is by a different complainant than those in the suit at bar, and that it asks largely for the same sort of relief.    As the insular courts, in form, at least, have no equity jurisdiction, in the sense understood in this court, the suit there must, of course, be one at law; and it is generally held that such suits are *ex necessitate* so dissimilar that the pendency of one cannot be pleaded in abatement of the other.    1 Cyc. Law & Proc. p. 40, and cases cited from many states and from the Federal courts.    However, counsel for complainants, in his brief, informs the court that this man Molfulleda, who brought that previous suit in the insular courts is, at most, simply a creditor of the Ramon Molfulleda estate, and is attempting to set aside certain transfers so that he may collect his debt.

That sort of proceeding is surely not sufficient to enable any respondent here to successfully maintain a plea of *lis pendens*

Molfulleda y Osorio v. Latour.

against this bill. It is not by the same complainant and has not the same object. See Stanton v. Embrey, 93 U. S. 548, 23 L. ed. 983; Gordon v. Gilfoil, 99 U. S. 178, 23 L. ed. 386; Hunt v. New York Cotton Exchange, 205 U. S. 338, 339, 51 L. ed. 827, 828, 27 Sup. Ct. Rep. 529.

It does not appear from the record that any leave was ever entered permitting the original bill to be amended so as to make Margarita Romana, Maria Paula, and Maria Alejandrina Molfulleda y Osorio, respondents, but it appears that counsel appeared for them a short time after the filing of the motion on April 2, 1909, for the sole purpose, as he stated, of objecting to the jurisdiction, which objection was overruled, as aforesaid, and they were given fifteen days thereafter in which to plead further or answer. Neither does it appear that the court ever entered any formal order granting the petition of Zoilo Borrero to appear as complainant, as aforesaid, in behalf of his said minor son. Therefore an order will be entered granting the leave requested *nunc pro tunc,* and granting leave for said Borrero to be joined as a new complainant, and for him, on behalf of his said minor son, to adopt the allegations of the bill as already in the files as his own, with the additional allegation, as set out in his said petition of May 21, 1909, that Alejandrina Molfulleda y Osorio, the mother of said minor child Ricardo Borrero, was a nonemancipated minor at the time and as set forth in the said petition.

Therefore, for the reasons stated, the plea of *lis pendens* will be overruled and proper orders will be entered to carry out the rulings expressed as aforesaid, and all of the respondents will be required to plead further or to answer within ten days from this day.