Judge Ewing

delivered the Opinion of the Court.
On the 25th of October, 1838, Salmon sued out of Circuit Court of Clark County, in the State of Indiana, a capias against Aaron and William Wootton, in an action of assumpsit, which was executed, and bail taken. On the 21st of November, 1838, Salmon exhibited his against the Woottons, for the same cause of action, and against Henry Myers as garnishee, charging the debt *423 ors to be non-residents, that Myers, who was within the jurisdiction of the Court, had goods in his hands belonging to them, and praying an attachment against them. An attachment was awarded by the Chancellor, and the goods taken into custody, and afterwards replevied by Aaron Wootton, by executing bond as required by the order of the Chancellor. The defendants afterwards appeared, and pleaded the pendency of the prior suit and arrest thereon, in Indiana, in abatement; and the Chancellor sustained the plea and dismissed the bill; and the complainants have appealed.
The common law rule in that respect, is not changed, nor is a plea in abatement, in one state, of a prior suit for the same cause, pending in another, made available, by that provision of the constitution of the U. S. which requires, that full faith and credit shall be given, in each state, to the judicial proceeding of other state, or by the act Congress, prescribing the mode of their authentication.
It is well established in England, that a prior pending suit and arrest therein and holding to bail, cannot be pleaded in abatement of a subsequent suit and arrest in their courts, and the rule has been extended so far, as to be made to apply to a prior suit, brought in one of their own foreign dominions; as is clearly shown by the authorities cited by the Chancellor, (7 Durn and East, 470, Imlay vs. Ellefsen; 2 East, 453, Boyle vs. Edwards; 3 Swanston’s Rep. 703. A similar doctrine has been sustained by the Supreme Court of New York, in the cases of Brown and Lyman vs. Joy, 9 Johns. Rep. 219; Walch vs. Durkin, 12 Johns. 101; Helm vs. Remsen, 20 Johns. 229. And no distinction is made between a suit pending in any of the States of this Union, and in a foreign State or Kingdom, On either case, the prior pending suit has been adjudged insufficient to abate a suit subsequently instituted in that state. And in the case of Walch vs. Durkin, supra, the Court overruled a plea of a prior pending siut, in the Circuit Court of the United States for the fifth Circuit and Virginia District.
A different rule, it is true, was sanctioned by the Supreme Court of Connecticut, in the case of Hart and others vs. Granger, 1 Connecticut Rep. 154. But we think that ease is not sustained by authority.
But it is contended and determined by the Chancellor, in the case before the Court, that the 4th article, sec. 1, of the constitution of the United States (Statute Laws of Kentucky, 30,) and the act of Congress carrying into effect its provisions (Statute Laws Kentucky 189-90,) has changed the common law rule upon this subject, and *424 that a prior instituted and pending suit in any of the States of this Union, may now be pleaded in abatement, to any other suit subsequently commenced for the same cause in any other state. We cannot concur with the Chancellor in this conclusion.
The public acts, judicial proceedings and records, of each of the states, have, unquestionably, under the constitution and act of Congress, the same credit, validity and effect, in each of the other states, as they should have, b.y law or usage, in the state of their origin. And applying this rule, we are bound to give to the judicial proceedings of Indiana, here, the same force and effect, that could or should be given to it in that state. But we are not required to give to it a greater force and effect, than could be given to it there. And though the suit first-instituted in Clark County, and still pending, would, under the common law rule, have allowed to it the force and effect, collaterally, to abate a suit subsequently instituted in another court of the same Slate, it could not have the force and effect, under the common law rule, to abate a suit subsequently instituted in Kentucky, or in any other state. To allow it to have the force and effect to abate a suit in Kentucky, or in any other court out of the State of Indiana, would be to allow to it a greater force and effect than it could have, by law or usage there, or than could he given to it in that State. They may abate a subsequent suit under the operation of the rule, in any of the courts of Indiana, but cannot abate a suit in any court out of Indiana. The common law rule applies only to suits instituted in the same court, or in other courts of the same kingdom, and not to suits instituted in any court out of the kingdom. And if we allow to the rule its full force in Indiana, and no greater effect than it had at common law, it could be applied in Indiana only, (had their courts cognizance of the question) to suits instituted in the same court, or in other courts of the State of Indiana, and not to suits instituted in courts out of that state.
If this be the force and effect, and only force and effect, which the prior suit could have in Indiana, by the laws or usage of that state, then it should have no greater force or effect here,
*425 Indeed, it seems to us, that the constitution was intended to give credit, validity and effect to the judicial proceedings and records of each of the states, so far only as they may act directly upon the matters involved in litigation; and the rights of parties, privies or pendente lite purchasers, but not to give validity or effect, collaterally, to them, so far as to make them operate upon or defeat the jurisdiction of the courts of other states, or the remedy sought in them.
Indeed, if the construction of the constitution contended for, be allowed, the common law rule will be carried in its application to these states, beyond its own principle Or spirit. The principle is, that the defendant shall not be unnecessarily vexed or harrassed with two suits at the same time, for the same cause of action. The bare fact Of two suits at the same time, is not of itself sufficient always tó abate the prior suit, if both may be necessary to attain the ends of justice. Hence it is, that a bill in Chancery to foreclose a mortgage; and a suit at law for the debt secured, may be prosecuted at the same time, and the one cannot be pleaded in abatement of the other. And a prior suit in an inferior tribunal cannot be pleaded in abtement of a suit for the same cause in a superior court. Why ? Because the remedy in the inferior-court may be more limited and restricted, or less full and complete. The final process may be restricted in its operation upon the property of the defendant, or limited in its action to certain bounds, less than the whole state or kingdom; therefore may fail to afford full and complete redress to the plaintiff. It cannot be said in such a case, that the second suit is brought for the mere purpose of ’harrassment or vexation, but with a view to, and is necessary for, complete redress.
How, the execution upon the judgment in Indiana, cannot be levied on property in Kentucky, or operate out of that state ; and there may be no means of the debtor there, or if any, insufficient to satisfy the judgment. And, though bail has been taken, we know not the extent or nature of the obligation of the bail, or how far it would afford security to the creditor. It may be, that like special bail in Kentucky, it only secures the creditor against *426 the removal of the effects of the debtor from the state, and imposes an obligation upon the bail to pay only the value of the effects so removed, in case of removal. If so, the remedy afforded by the suit in Indiana, may be incomplete; the means of the debtor there, may be sufficient to satisfy only a part of the debt. If he has property in Kentucky, is the creditor to wait until the termination of the suit in Indiana, and the exhaustion of the means afforded him there, to make his debt ? If so, the property may be removed from Kentucky, and he may lose his debt, or a part of his debt, altogether. In such a case, surely it cannot be said, that his suit in Kentucky is so causelessly vexatious as to bring it within the spirit or reason of the common law rule which subjects it to be abated. Indeed, if the matters in controversy were res adjudicala in Indiana, and an execution taken out, as such execution could not reach property in Kentucky, we can perceive no good reason why our courts of equity might not take jurisdiction, and attach the effects of the debtor here, and subject them to the payment of the debt, or judgment, while the execution was in full operation there. There can be but one satisfaction; but while the debt remains unsatisfied, it is a subsisting debt, and whether it be secured by open account, note or judgment, the right is afforded to the citizen, under the laws of the State, to attach the effects of the non-resident debtor, and apply them to its payment. Nor can he be deprived of this right upon the mere ground that suit has been instituted in another state, whose .process cannot reach the property here, and may fail altogether to afford adequate redress.
The conclusion is, that the suit in Indiana should not abate the suit here. In this conclusion the Court is unanimous, though it is not altogether so, as to all the the foregoing reasoning.
It is, therefore, the opinion of the Court, that the decree of the Chancellor be reversed, and cause remanded, that the plea in abatement may be overruled, and further proceedings had. And the appellant is entitled to his costs in this Court.