JUDGE ROBERTSON
delivered the opinion op the court:
The appellees sued the appellant in the Louisville chancery court for the amount due by him to them as holders of a protested bill of exchange drawn by him in Memphis, *443 Tennessee, and payable there, for about one thousand one hundred and sixty-six dollars, and, on the execution of the proper bond, procured process of arrest, of garnishment and attachment. Under that process the appellant was arrested, and afterwards liberated on the execution of an approved bail bond for securing the debt; and, having-appeared in the suit, he answered, not controverting the debt, but urging an abatement of the proceeding, on the allegation that a suit for the same debt, and between the same parties, instituted in the municipal court of Memphis, wms still pending. A demurrer to that answer was sustained, and the appellant, refusing to make any other defense, judgment was rendered against him for the amount claimed, and- a capias awarded against him. Of this he complains.
It seems to us that the judgment was right.
For the prevention of unnecessary vexation, confusion, and possible injustice, the common law will not allow, if properly objected to, the prosecution of more than one suit at the same time, between the same parties, for the same cause of action, in the same court, or in different courts of the same sovereignty ; and the pendency of the first may abate the last. But the same common law will not abate a suit in the forum of one sovereign on a plea of the pendency of a prior suit in a forum of another sovereign. The reason of this latter doctrine is two-fold - — 1st. Because a foreign judgment, depending on foreign law, might be unjust, und could not be enforced beyond the jurisdiction of the foreign court without a new suit on it- as only prima facie evidence; and 2d, and chiefly, because the remedy in the country where the last suit is brought may be more adaptable and safe, and means for effectuating a judgment may be found in the latter and not in the former country. As betwmen them *444 selves the States of this Union, though integral parts of the same national sovereignty, are yet foreign to, and independent of, each other.
Nevertheless, the Federal Constitution, and an act of Congress for effectuating its purpose of harmonious union, give to the judgments and judicial proceedings in one-, of these States equal effect in all the other States.
But this, though a partial, is yet not a full negation here of the common law or its reasons. The remedy may still be more effectual in one State than in another, and property liable to execution or attachment may be found in one and not in another State; and, in such a contingency, justice, which is the only object of all legal remedy, might be frustrated if a suit, which can thus be made available in one State, can be abated by the pendency of a previous suit which may be abortive, and such abatability would encourage the fraudulent removal of property from State to State for eluding all remedy.
But, moreover, the Tennessee court cannot abate the suit in Kentucky. It has-no jurisdiction to do so, and, for the same reason, the Kentucky court could not abate the suit in Memphis; consequently, a refusal to abate does not deny the equal effect of the proceedings in each of these courts. In support of this position and of the judgment in this case, we need only to refer to the case of Salmon vs. Wootton and others (9 Dana, 424), and the unreported case of McMicken vs. Hammond, decided by this court January, 1857.
The Code of Practice concerning the pendency of one suit abating another, applies only to the same court or different courts in Kentucky, and does not touch the question we have been considering.
Wherefore, the judgment is affirmed.