T. M. CUNNINGHAM *v*. W. G. M. CAMPBELL and M. CAMPBELL.

October Term, 1877.

PLEA OF FORMER SUIT DEPENDING — ISSUE THEREON — EFFECT OF A FINDING AGAINST THE PLEA. — To a bill in this court, by the holder of the notes of a firm of which one of the defendants was a partner, which notes were given for a stock of goods to another firm, since made bankrupt, to set aside as fraudulent a conveyance of realty by that defendant to his co-defendant, and to subject the property to the satisfaction of the debt

evidenced by the note, a plea of former suit depending, on which issue is joined, is not sustained by a record of the United States Circuit Court for the Middle District of Tennessee, on its equity side, showing a suit by the assignee in bankruptcy of the firm to whom the notes were made payable, against the present complainant, the makers of the notes, and the holders of other of the notes than those held by the complainant, attacking the validity of the sale of the goods, and seeking to test the good faith of the assignment of the notes by the bankrupt firm; but the judgment of the court on this finding is *respondeat ouster*.

*Osment,* for complainant.
*Goodlett,* for defendants.

THE CHANCELLOR: — On March 1, 1877, the defendant W. G. M. Campbell and one W. H. McNeil bought from J. E. Massengale and W. S. Currin, partners under the style of Massengale & Co., a stock of goods, for the consideration of $6,500, evidenced by thirteen notes of that date for $500 each, payable, at intervals of a month, for the thirteen succeeding months. About the 10th or 12th of March, 1877, Massengale & Co. assigned the last four of these notes to complainant. This bill was filed on June 13, 1877, to set aside, as made to hinder and delay creditors, certain conveyances of realty made on May 30, 1877, by the defendant W. G. M. Campbell to the defendant M. Campbell, and to subject, under the statute, such realty to the satisfaction of complainant's notes. To this bill the defendants have filed a plea of former suit pending in the Federal court at Nashville, and the complainant has filed a replication to the plea; and the issue thus made is submitted to me upon an agreed state of facts. The parties have also expressly agreed that the plea and replication are intended to raise the question of former suit depending, and that any defects in either, in substance or form, may be treated as supplied. Although the usual forms would have been considerably shorter than those adopted and worked out from the inner consciousness, and any forms might have been dispensed with under the agreement, still I have no objection to trying the issue in the mode adopted, even if the eighteenth rule of this court has thereby been let severely alone.

It seems, from the agreed statement of facts, that on March 22, 1877, Massengale & Co. filed their petition in bankruptcy in the District Court of the United States at Nashville. They were adjudged bankrupts, and Harry Harrison appointed assignee of their effects. On April 21, 1877, he filed his bill in equity in said United States court against the defendant W. G. M. Campbell and his partner (McNeil), the complainant (Cunningham), and the holders of the other notes of Campbell & McNeil by assignment from Massengale & Co., and, upon the ground that the notes were assigned and received with full knowledge of the insolvency of Massengale & Co., and in fraud of the bankrupt law, and among other relief, sought and obtained an injunction inhibiting the payment of the notes by the one party, or their collection by the other. Campbell & Co. and Cunningham answered, insisting upon the good faith of the transactions ; the first, of the purchase of the goods, — the last, of the notes. In that cause, previous to the filing of this bill, and with a view to a modification of the injunctions granted, " and for other purposes " not specified, Harrison had filed a petition and an affidavit, in which he charged that W. G. M. Campbell had fraudulently conveyed his property to his brother, Michael Campbell. The goods in controversy in that cause were placed in the hands of a receiver, and sold at a " ruinous sacrifice." Since the filing of the present bill, Campbell & Co. — that is, W. G. M. Campbell and W. H. McNeil under that name — filed their bill in the United States court, which they ask may be taken as a cross-bill in the Harrison suit, raising the question whether Campbell & Co. can be held liable on their notes to Massengale & Co. after the goods had been taken from them by order of the court. The statement of facts does not disclose who are made defendants to this cross-bill, but I presume Harrison, Massengale & Co., Cunningham, and the other holders of the notes.

Issue having been taken on the plea in this case, without the plea having been set for hearing on its sufficiency, it be-

comes unnecessary to consider the question whether the pendency of a suit in a court of the United States, sitting within the limits of one state, can be pleaded to a suit for the same cause in a court of that state. *Mitchell* v. *Bunce,* 2 Paige, 606; *Salmon* v. *Wooten,* 9 Dana, 423; *Hatch* v. *Spofford,* 22 Conn. 495. Upon the issue which has been taken, the only point for decision is one of fact: Are the two suits for the same matter? To sustain such a plea, although it is not necessary that the second suit should be for the whole matter embraced by the first, it is essential that the whole effect of the second suit should be attainable in the first. *Law* v. *Rigby,* 4 Bro. C. C. 60; *Pickford* v. *Hunter,* 5 Sim. 122. Or, as I have myself put it, it must appear that the issue joined in the former suit is sought to be made in the latter, and that the proceedings in the first suit were taken for the same purpose. *Macey* v. *Childress,* 2 Tenn. Ch. 25. In this view, the facts agreed upon show plainly that the two suits are not for the same matter. The suit in the Federal court is to test the validity of the sale by Massengale & Co. to Campbell & Co., and the *bona fides* of the assignment of the notes of Campbell & Co. by Massengale & Co. to Cunningham and others. The relief sought, both in the original and cross-bill, turns upon the determination of these questions. The object of the second suit is to test the validity of the conveyances of realty by W. G. M. Campbell to M. Campbell, and to subject such realty, by reason of the invalidity of the conveyances for fraud, to the satisfaction of the notes. And, although the fraudulent character of the conveyances is suggested in petitions and affidavits in that cause, their validity or invalidity, so far as appears, is not in issue; nor is the defendant M. Campbell any party to that suit. The ultimate relief which may be obtained by the one party or the other in that suit may influence the eventual rights of the parties in this suit. But the object, purpose, and subject-matter of the latter are not the same as those of the former. The plea is, therefore, not true in point of fact.

But the learned counsel of the complainant is clearly mistaken in supposing that the result of this finding is to entitle him to a decree upon the merits. This result only follows the finding of a verdict at common law upon an issue to the country. Where the plea is triable by record, as in this case, the judgment at common law, and in this court, under the Code, sec. 4393, is *respondeat ouster*. *Searight* v. *Payne*, 1 Tenn. Ch. 190. The defendants will, consequently, be allowed a reasonable time to answer.