## Fogarty v. Neal.

### (Decided November 20, 1923.)

### Appeal from Henry Circuit Court.

1. Appeal and Error—Law and Facts in Trial Before Court Reviewed where Separation Asked.—Where the law and the facts are submitted to the court without a jury and a party requests separation of the law and facts and saves an exception, the Court of Appeals will consider the law and facts as found and review the correctness of each, and, if a bill of exceptions is filed, will also determine whether the evidence supports the finding of facts.

2. Appeal and Error—Law and Facts Not Separated Reviewed, in View of Motion for New Trial.—Where, in a case tried before the court without a jury, there was no separation of law and facts, but appellant requested a new trial and filed a bill of exceptions, the Court of Appeals may review all questions of law and facts.

3. Bills and Notes—Law of Place of Transfer Controls.—Where a resident of Kentucky executed a note which payee transferred in Oklahoma to his wife and both payee and his wife were domiciled in Oklahoma, the law of Oklahoma as to the transfer controls, as the Kentucky statute has no extraterritorial effect.

4. Bills and Notes—Payment to Payee After Transfer Not Effective. —Payment to the original payee after he has transferred the note to a holder in due course does not discharge the obligation.

TURNER & TURNER for appellant.

W. B. MOODY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Granting appeal and reversing.

On June 1, 1917, C. E. Neal, a resident of Henry county, Ky., executed to A. L. Neal a note for $300.00 payable twenty-four months after date with interest at

the rate of six per cent per annum from maturity until paid. On the face of the note are these words, "This note for land." On August 30, 1917, A. L. Neal assigned the note to his wife, Mary E. Neal, by the following endorsement: "For value received I transfer this note to M. E. Neal." The assignment was made in the state of Oklahoma, where A. L. Neal and his wife resided, and he had possession of the note. Before the note became due the payor, C. E. Neal, made payment to A. L. Neal.

Shortly after the assignment, Mary E. Neal was divorced from her husband, A. L. Neal, and resumed her former name, Mary E. Fogarty.

This suit was brought by Mrs. Fogarty against C. E. Neal to recover on the note. Neal defended on two grounds. (1) The note was assigned merely as collateral security for a debt which had been paid. (2) The assignment was not acknowledged and recorded, and was therefore invalid under section 2128, Kentucky Statutes, which provides: "A gift, transfer or assignment of personal property between husband and wife shall not be valid as to third persons, unless the same be in writing and be acknowledged and recorded as chattel mortgages are required by law to be acknowledged and recorded." Evidence was heard, and the law and facts being submitted to the court, judgment was rendered dismissing the petition. Her motion and grounds for a new trial having been overruled, Mrs. Fogarty has prayed an appeal.

Appellee insists that we are without power to review any errors of law because there was no separate finding of law and facts and an exception to the court's conclusion of law. It is now the settled rule in this state that where the law and facts are submitted to the court without the intervention of the jury, a party may request a separation of the law and facts and except to the court's finding, or move for a new trial or do both. If only a separation is asked and given, and an exception saved, this court will consider the law and facts as found and view the correctness of each. If a bill of exceptions be filed, we will also determine whether or not the evidence supports the finding of facts. A motion for a new trial and bill of exceptions will in like manner bring all questions of law and facts before this court for review. The Albin Co. v. Ellinger, 103 Ky. 240, 44 S. W. 655. While in the case under consideration there was no separation of law and facts, appellant did ask for a new trial and

filed a bill of exceptions. That being true, we are at liberty to review all questions of law and facts.

For the purposes of this case it is unnecessary to inquire whether section 2128, *supra,* applies to the transfer of a promissory note, or whether the payor of a note is. a third person within the meaning of the statute. It may be conceded that the note is a Kentucky contract, and that its legal effect is to be determined by the law of negotiable instruments as applied in this state, but the question here presented is not the legal effect of the instrument, but the validity of the assignment. The section in question is not a part of the negotiable instrument law, but a separate and independent statute dealing solely with the fraudulent transfer of personal property between husband and wife, and the question is: Does it govern the transaction here involved? Occasionally a question may arise as to whether the law of the domicile of the parties, or of the place where the transfer is made, or of the place where the property is situated governs the fraudulent transfer of personal property. Hardaway v. Semmes, 38 Ala. 657; Ward v. Conn Pipe Mfg. Co., 71 Conn. 345, 41 Atl. 1057, 71 A. S. R. 207; Hallgarten v. Oldham, 135 Mass. 1, 46 Am. Rep. 433; Schmidt v. Perkins, 74 N. J. L. 785, 67 Atl. 77, 122 A. S. R. 417, 11 L. R. A. (N. S.) 1007 and note; Gilkey v. Pollock, 82 Ala. 503; Boehme v. Rall, 51 N. J. Eq. 541, 26 Atl. 832. But no such question can arise in this. case. At the time of the transfer here involved A. L. Neal and his wife were not only domiciled in Oaklahoma, but the note itself was possessed, transferred and delivered in that state. That being true, the law of Oaklahoma controls and not the Kentucky statute, which has no extraterritorial effect. Kurner v. O'Neal, 39 West Va. 515, 20 S. E. 589; Willis v. Memphis Grocery Co. (Miss.), 19 So. 101; Fally v. Steinfield, 10 K. L. R. 982.

It was proven on the hearing that Oaklahoma has no statute similar to ours. On the contrary it has a statute providing that either husband or wife may enter into any engagement or transaction with the other respecting property which either might do if unmarried, subject to the general rules which control the actions of persons occupying confidential relations with each other as defined by the title on trusts (History Dak. 2590; S. 1890, sec. 2986), and there is nothing in the facts of this case which would render the transfer of the note invalid under

the laws of that state. As the transfer was valid, and Mrs. Fogarty was the owner and holder of the note in due course, it necessarily results that payment to the original payee, who was no longer the owner and holder of the note, did not discharge the obligation.

Not only were exceptions saved to much of A. L. Neal's deposition tending to uphold the contention that the note in question was assigned as collateral security for a debt which had been paid, but the evidence itself is not sufficiently convincing to sustain the defense.

It follows that the chancellor should have rendered judgment in favor of appellant.

Wherefore the appeal is granted, the judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.