## Southern Holding & Securities Corporation et al. v. Commonwealth ex rel. Stevens.

(Decided March 17, 1933.)

CLEON K. CALVERT and J. G. BRUCE for appellants.

C. P. STEVENS, BAILEY P. WOOTTON, Attorney General, F. T. WHEELER, and H. H. SMITH for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This equity action was filed in the Knott circuit court on August 28, 1931, by the commonwealth of Kentucky, on relation of C. P. Stevens, commonwealth's attorney, for the Thirty-first circuit court judicial district of Kentucky, against appellants as defendants below, in which plaintiff sought the forfeiture of certain described patents of land in Knott county for the reasons and the causes set forth in sections 4076b to and including section 4076k of the 1930 Edition of Carroll's Kentucky Statutes. The descriptions as contained in the patents embrace 43,000 acres of land; but in many instances they overlapped on prior and senior patents and to the extent of the laps the described patents were and are void. In other instances title to various portions of the patents were acquired by adverse possession of the occupants, or those under whom they claimed, and, after eliminating such classes of affected titles, there remained some 6,000 or more acres against which no outstanding claim existed, and the title to which is owned by the appellants and defendants below, who made defense.

The first paragraph of the answer denied the alleged ground of forfeiture under the statutes "save as hereinafter admitted." The second paragraph set out the eliminations of superior titles hereinbefore referred to and defendants therein admitted that they had never assessed or paid any taxes on any of the land covered by any of the patents, nor had their predecessors in title done so from the date of the issuing of the patents, which was in 1872. They also averred in that paragraph of their answer that up to a recent time before filing it the owners of the land covered by the patents were not aware of the amount of unencumbered land they embraced, "and for that reason they say that neither they nor any of their predecessors in title ever listed any lands for purposes of taxation, but, they say that having the information now, that they are willing to list said lands for taxation and to pay the taxes that may be assessed there against." In the third para-

graph of their answer defendants pleaded that in a proceeding in the United States District Court for the Northern District of Texas it, in May 1927, appointed a receiver for the property of the defendants, and that later, and in the same month, the United States District Court for the Eastern District of Kentucky, on proper application, appointed an ancillary receiver for the property of the defendants located in Kentucky, including the land involved in this action, and that such receiverships continued until some time in the year 1929 for a space of about two years. They then alleged that during that time they were barred from either assessing the land or paying the taxes thereon, and for which reason there was a suspension of the continuity of five successive years of failures to assess and pay the taxes required by the Statutes before the commonwealth's right to proceed for forfeiture accrued. See section 4076k of the Statutes, supra. The fourth paragraph of the answer only stated that certain defendants (original patentees) named in the petition were dead. The court sustained a demurrer to all of the paragraphs of the answer as amended and defendants declining to plead further judgment of forfeiture was entered, to reverse which they prosecute this appeal.

It will be observed that there were two defenses interposed: (1) That defendants were ignorant of the amount of land they owned, until about a year before the filing of the action, and that the statutory requirements of assessment for taxation and the payment of taxes on their land did not apply to them because of such ignorance on their part, and (2) that the period covered by the alleged receivership operated, in any event, to excuse them from assessing and paying the taxes on their land during that time, and, when taken out of the five-year period necessary for the accruing of the action, it left only three years of successive defalcations on their part, and which was not a sufficient continuance period to authorize this proceeding.

It will be observed that under the provisions of section 4076k, supra, of the Statutes, the cause of action in favor of the commonwealth for a forfeiture of the title does not accrue until the expiration of "five successive years after the first day of August 1906," in which the owners or claimants of the land failed to

assess and pay the taxes due on it, and when such failures for that continuous period occur, then the commonwealth, under the provisions of section 4076i of the Statutes, may bring its forfeiture action at any time within the succeeding five years. According to the admissions in the answer, and which were also averred in the petition, no claimant of the land from the patentee down to the filing of the action ever assessed or paid any taxes on any of the land involved. So that, a cause of action accrued to the commonwealth for such failures during the five years immediately preceding the defensive receiverships pleaded in the answer, and the period occupied by them ran concurrently with the period of limitation in bar of the right of the commonwealth to maintain the action, but did not cover that entire period. The receivers were appointed in May, 1927, but a continuous five-year period during which defendants neither assessed nor paid taxes on the land had matured before the receivers were appointed and the commonwealth had, under the Statutes, until five years after such maturity within which to bring its action and which extended from such appointment until May, 1932, but it filed its action, as we have seen, in August, 1931. Therefore, the time occupied by the receiverships had no effect in this case upon any of the involved rights of the parties, even if defendants' contention that such appointment relieved them from the assessments and payments required by the Statutes, which is untrue. See Patrick v. Commonwealth, 213 Ky. 37, 280 S. W. 453, and Southern Holding & Securities Corporation et al. v. Commonwealth, 245 Ky. 602, 53 S. W. (2d) 974.

The latter case was one of exactly the same nature as this one, and between the same parties, and in which the commonwealth sought the same relief with reference to lands in Perry county (the same defenses being interposed), and in which we held that none of them were available, and affirmed the judgment of the trial court forfeiting the land therein involved. We pointed out in that opinion that, notwithstanding the receivership, it was the duty of the claimant or owner to either assess or cause to be assessed his lands, and to pay or cause to be paid the taxes. The statutory limitation of the time in which the commonwealth might proceed under the Statutes was not elaborated upon in that opinion, but it is clear from what we have said that it is not available, even upon the theory that the period

covered by the receiverships suspended the duty on the part of defendants to assess and pay taxes on their land, but which, we repeat, as pointed out in the last case above referred to, is untrue.

It, therefore, results that the court properly rendered the judgment appealed from, and it is affirmed.