## Reiff's Adm'r et al. v. Commonwealth for Use and Benefit of Phillips et al.

(Decided Nov. 24, 1933.)

RODES K. MYERS and RODES & HARLAN for appellants.

STOUT & HERDMAN for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

Samuel Reiff died in October, 1927, in Leavenworth, Kan. He had at his death on deposit in the Oakland Bank at Oakland, Ky., $11,260.27. On February 28, 1928, J. Frank Grimes was duly appointed the administrator of the estate by the Warren county court and qualified. He then had the bank account changed and put in his name as administrator. He was the

cashier of the bank. He paid the funeral expenses and cost of administration, amounting to $410.70. His commissions amounted to $563.06, making his credits in all $973.76, and leaving a balance in his hands of $10,266.51. Samuel Reiff had two sisters, Mrs. Mary Jordan and Mrs. Lizzie Hill. He paid to the representatives of Mrs. Jordan their half of the balance in his hands, $5,133.25. He did not pay to the representatives of Mrs. Hill any part of the money coming to them, but left it on deposit in the bank. His mother was one of the five children of Mrs. Hill. On April 1, 1932, the other four children of Mrs. Hill brought this action against him on his bond to recover four-fifths of $5,133.25, which is $4,106.60, making his mother, Mrs. Annie H. Grimes, a defendant to the action, also the American Surety Company, the surety on his bond as administrator, and alleged the above facts.

Grimes by his answer alleged that he deposited all the money that came into his hands in the Bank of Oakland, and that there had been pending in the Warren county court a proceeding for the purpose of probating the lost will of Samuel Reiff, and that only a few days before the answer was filed the Warren county court refused to probate the instrument as the lost will of Samuel Reiff, stating that Reiff was domiciled in the state of Kansas at the time of his death, and that therefore the Warren county court had no jurisdiction. He also alleged that at the time of filing the answer there was pending in the Leavenworth county court of Kansas, the domicile of Samuel Reiff at the time of his death, a proceeding to probate the lost will of Samuel Reiff; the plaintiffs were parties to that action, and the parties to whom said funds belong are not determined, and will not be determined until after the judgment of the Leavenworth county court. He also alleged that the Bank of Oakland had closed its doors, and it was then in the hands of a liquidating agent; that the fund was on deposit in the bank, and would be distributed by him upon the determination of the proceedings in the Leavenworth county court and upon the liquidating agent paying to him the funds on deposit in the bank.

Mrs. Annie Grimes filed an answer, in which she in substance alleged that she is the beneficiary of one-half of the estate by the terms of the will, which had been offered for probate in the Leavenworth county

·court and that under the will no part of it would go to the plaintiffs in this case. The plaintiffs demurred to the answer, and, not waiving their demurrer, filed a reply on July 5, 1932, pleading negligence in the administrator for leaving the funds so long in the hands of the bank without security. The replies were controverted of record, and on the same day the following stipulation was filed:

"It is stipulated and agreed herein that Samuel Reiff died at Leavenworth, Kansas, on October 6, 1927; that at his death he left as his heirs and nearest of kin the children of a sister, Mrs. Mary Jordan, who had died May 30, 1925, and the children of another deceased sister, Mrs. Lizzie Hill, being the plaintiffs, Mrs. Monta Phillips, Mrs. Mary Susan Garnett, Henry F. Hill and the children of another deceased nephew, Jas. Franklin Hill, whose children are the plaintiffs, Frank Hill, Gordon Hill, Roland Hill and Betty Hill and another niece, the defendant, Mrs. Annie Helen Grimes, who is the sister and aunt of the plaintiffs, aforesaid, and mother of J. Frank Grimes.

"It is further stipulated that at the time of his death Samuel Reiff had on deposit in the Oakland Bank, of which the defendant, J. Frank Grimes, was then cashier, the sum of $11,260.27, and that of said amount $973.76 was charged to costs of administration, leaving a balance of $10,266.51, one-half of which was distributed to the heirs of Mary Jordan by the administrator, J. Frank Grimes, who qualified as the administrator of Samuel Reiff on February 22, 1928, executing bond as such to the amount of $9,000, with the defendant, the American Surety Company of New York as surety.

"That the account of said Reiff in the Oakland Bank was upon the qualification and appointment of said Grimes, as administrator transferred to his account as such, and there has been since said time and since the distribution of one-half to Mary Jordan's heirs aforesaid, the other half, to-wit: $5,133.25 undistributed, four-fifths of which is claimed by plaintiffs in this litigation.

"It is further stipulated that the Bank of Oakland on the 21st day of October 1931, closed its

doors and was turned over to the State Banking authorities for liquidation, and that said $5,133.25 was on deposit to said administrator's credit in said bank when it closed."

The order filing the stipulation is in these words: "And plaintiffs and defendants also file a stipulation of fact herein signed by the parties through their counsel hereto, and now move to submit this cause on the demurrers and on the merits."

The case being submitted to the court for judgment upon the demurrers of the plaintiffs to the separate answers, the court sustained the demurrer to each of the answers, and entered judgment in favor of the plaintiffs for $4,106.60, with interest from the date of the judgment July 19, 1932. The defendants appeal.

■ Did the court properly sustain the plaintiffs' demurrer to the separate answers and enter judgment in favor of the plaintiffs?

The plaintiffs sought to recover the money in controversy on the ground that Samuel Reiff died intestate, and that they, as his heirs at law, were entitled to four-fifths of the money in bank. If Samuel Reiff did not die intestate, the plaintiffs had no interest in the money in bank, for, if he left a will, it passed to his devisees, and his heirs at law took no interest in it upon his death. Whether he left a will or died intestate was the question at issue in the proceeding pending in Kansas, where he resided, and the plaintiffs were parties to that proceeding. Until that case is decided, it will not be determined whether Samuel Reiff died intestate or not. The circuit court in this action should not try that question when it is pending between the parties in the court having jurisdiction in the county of his residence. The answers therefore presented a defense to the action, for, unless Reiff died intestate, the plaintiffs, as his heirs at law, had no interest in the fund in controversy.

■ Was Grimes, as administrator, negligent in leaving the fund in the Oakland Bank, and therefore liable for any loss of the fund? This is a question that must be decided between him and the owners of the fund, and, until it is determined who is the owner of the fund, the question cannot be finally decided, for the devisees of Reiff cannot be brought before the court until it is determined that he left a will, and to whom

the property was devised. The court should therefore have overruled the demurrer to the answer, and should have continued this case to await the decision of the probate court on the question of the validity of the will. This court therefore now withholds all judgment on these matters.

Judgment reversed, and cause remanded for further proceedings consistent herewith.