## Dotson's Adm'r et al. v. Ferrell et al.
## Dotson et al. v. Dotson's Adm'r et al.

Dec. 15, 1942.

As Modified and Extended on Denial of Rehearing March 2, 1943.

J. J. Moore for D. H. Dotson's Adm'r.

W. A. Daugherty for Shade Dotson et al.

O. T. Hinton for D. H. Dotson's Adm'r, de bonis non.

Henry Scott and W. A. Daugherty, David Browning and Otto C. Gartin for S. Ferrell.

J. J. Moore for D. H. Dotson's Adm'r, Pikeville Nat. Bank etc.

Henry J. Scott for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Reversing.

This action was instituted by the ancillary administrator of D. H. Dotson, who died testate, a resident of Adams county, Ohio. The parties to the action seek a construction of the will which was probated originally in the county of the home of the deceased.

It appears from the allegations of the plea in abatement that in a suit filed in a court of competent jurisdiction in Adams county, Ohio, that court has been asked to construe the will in question.

The pendency of an action in another state will not entitle the pleader, as a matter of right, to an abatement of an action filed in this state. Davis v. Morton, 67 Ky. 442, 4 Bush 442, 96 Am. Dec. 309; Brown v. Todd's Adm'r, 29 S. W. 621, 16 Ky. Law Rep. 697. But where, as here, a correct decision calls for the construction of the laws of a foreign jurisdiction, and, an action involving the same issue is pending therein, our courts should

await the decision in such action. Reiff's Adm'r v. Commonwealth for use and Benefit of Phillips, 251 Ky. 428, 65 S. W. (2d) 58; Rorvik v. North Pacific Lumber Co., 99 Or. 58, 195 P. 163, affirming judgment on rehearing 99 Or. 58, 190 P. 331; Schuster v. Superior Court of Los Angeles County, 98 Cal. App. 619, 277 P. 509. This rule is approved by the American Law Institute in its Restatement of the Conflict of Laws, chapter 12, section 619, page 736, where commenting on the general rule that "a suit can be maintained on a cause of action although a suit on the same cause of action is pending in another state" it is said:

> ":If the local procedure of the forum so provides, the action may be stayed pending the outcome of the first suit."

It is insisted that since the plea in abatement did not show that the suit in Ohio was pending at the time of the institution of this action, and since the domiciliary administrator who filed the pleading did not file a brief on appeal, this court should not take cognizance of this plea and the chancellor's ruling thereon. We do not concur in this view. The rule stated above does not call for a dismissal of the action or a refusal on the part of the chancellor to take jurisdiction of the questions raised by the record. It merely provides for a delay in the submission of the case until the courts of Ohio have construed the will in accordance with the Ohio law. The action is one for a declaration of rights filed under the provisions of section 639a—1 et seq., of the Civil Code of Practice. Section 639a—6 specifically provides:

> "The appellate court in its consideration of the case, shall not be confined to errors alleged or apparent in the record."

That section further provides that the court may refuse to exercise the power to declare rights where under the circumstances it deems a decision not to be proper at the time. Under this authority we are of the opinion the cause should be remanded and the judgment and order of submission be set aside and the case continued to await the construction of the will by the court of Ohio. If such a construction cannot be obtained within a reasonable period of time, upon proper showing to this effect, the chancellor will resubmit the case for construction of the will without benefit of a decision by the Ohio

courts. Neither the ancillary administrator, nor the Kentucky creditors or distributees, will be prejudiced by this procedure.

The judgment is reversed for proceedings consistent with this opinion.