## Dotson et al. v. Dotson's Adm'r et al.

April 25, 1944.

Judson A. Shuey for appellants.

J. J. Moore for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The Pikeville National Bank & Trust Company is ancillary administrator for the estates of D. H. Dotson and his wife, Hannah Dotson. Early in 1941 the Bank filed a declaratory judgment proceeding for the purpose of having Mr. Dotson's will construed and to have determined the amount of money left by Mrs. Dotson which Mr. Dotson left to her for life, with the right to use all or any part of same for her needs and comfort, with remainder to some of the appellants in the present action. Later the Bank filed an intervening petition as ancillary administrator of Mrs. Dotson's estate, wherein it sought an adjudication of all the matters involved in the settlement of the two estates. Subsequently an action was filed in Ohio, where Mr. Dotson was a resident at the time of his death, for the purpose of having his will construed. Final judgment was entered in the Pike Circuit Court, and in the case of Dotson's Adm'r v. Ferrell, 293 Ky. 470, 169 S. W. 2d 320, 321, we directed that the judgment be reversed and said:

"* * * Under this authority we are of the opinion the cause should be remanded and the judgment and order of submission be set aside and the case continued to await the construction of the will by the court of Ohio. If such a construction cannot be obtained within a reasonable period of time, upon proper showing to this effect, the chancellor will resubmit the case for construction of the will without benefit of a decision by the Ohio

courts. Neither the ancillary administrator, nor the Kentucky creditors or distributees, will be prejudiced by this procedure.''

On the day the mandate was filed there was also filed in the Pike Circuit Court a copy of the Ohio judgment construing Mr. Dotson's will. This judgment was spread upon the Order Book of the Pike Circuit Court. Subsequently, oral proof was heard in that court concerning the Bank's fees and the fees of its attorney for handling the two estates. Thereafter final judgment was entered authorizing fees in each instance. The judgment also directed the manner in which the funds remaining in the two estates should be disposed of finally. We gather from the appellees' brief that the then attorneys for the appellants were present when the fees were allowed, but interposed no objection, the only objections being those of the Ohio administrators of the two estates.

The appellants, some of the Dotson heirs, urge reversal upon the following grounds:

''(1) It is the duty of the lower court, on a reversal of the judgment and a remand of the case consistent with the opinion, to comply with the Mandate of the Appellate Court and obey the directions therein.

''(2) The mere docketing or spreading of a judgment rendered by the Common Pleas Court of Adams County, Ohio, on the order book of the Circuit Court of the Pike Circuit Court of Pike County, Kentucky, did not vest the Circuit Court with jurisdiction to declare rights under the Declaratory Judgment Act (Civ. Code of Prac. Sec. 639a-1 et seq).

''(3) The Circuit Court has no jurisdiction or authority to fix allowances for ancillary administrators or to allow fees for the attorney to be taxed as costs against said non-resident's estate; the County Court has exclusive jurisdiction under Section 3883, Carroll's Kentucky Statutes, unless there is a suit filed in the Circuit Court to settle the Estate.''

The first proposition is groundless, because, as we understand the record, the judge of the Pike Circuit Court did as directed in the case of Dotson v. Ferrell, supra. After a copy of the Ohio judgment was filed in his court he proceeded to dispose of the case in accord-

ance with the manner in which the Ohio court construed Mr. Dotson's will.

We deem the second proposition to be without merit also. It was not the filing of the Ohio judgment and the spreading of it upon the Order Book of the Pike Circuit Court which gave that court jurisdiction in the matter. A declaratory judgment proceeding had been filed and the court had already taken jurisdiction. We reversed the first judgment and directed that the cause be remanded and the case continued to await the construction of Mr. Dotson's will by the Ohio court. As indicated heretofore, we think the judge of the Pike Circuit Court did just as directed.

Likewise, we deem the third proposition to be without merit. In the original petition the ancillary administrator sought to have Mr. Dotson's will construed and to determine Mrs. Dotson's interest in certain funds. In the intervening petition the Bank, as ancillary administrator of Mrs. Dotson's estate, sought an adjudication of all matters involved in the settlement of 'the two estates. The action then assumed the nature of a suit to settle finally the two estates. We did not say in the case of Dotson's Adm'r v Ferrell, supra, that the action should not have been filed. Indeed, the effect of our ruling was to approve it. We only directed that a final decision be withheld until Mr. Dotson's will had been construed in the Ohio court. As pointed out in the case of Greenway v. Irvine's Ex'r, 234 Ky. 597, 28 S. W. 2d 760, the allowance of administration and attorneys' fees in a settlement suit is only an incidental matter to the main purpose of the action. No question is raised as to the reasonableness of the fees allowed, nor, indeed, can there be, because the evidence heard on those questions has not been made a part of this record. Under the circumstances we will assume the court was warranted in making the allowances. Dalton v. Dalton, 146 Ky. 18, 141 S. W. 371; First National Bank of Breeze, Ill., v. Williams Feed Company, 214 Ky. 31, 282 S. W. 551.

It follows we are of the opinion the judgment should be and it is affirmed.